No. 38,295

FRANK FLETCHER, *Appellant,* v. SECURITIES ACCEPTANCE CORPORATION, a Corporation, *Appellee.*

(231 P. 2d 249)

Opinion filed May 12, 1951.

*Howard F. McCue,* of Topeka, argued the cause, and *Roy N. McCue,* of Topeka, was with him on the briefs for the appellant.

*Philip E. Buzick,* of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove, Balfour S. Jeffrey,* and *Robert E. Russell,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an action to recover money paid on an alleged invalid mortgage. The appeal is from an order dismissing the action without prejudice because of the plaintiff's failure to make the petition more definite and certain in compliance with the trial court's order.

Provisions of the petition essential to a disposition of the single appellate issue involved read as follows:

"1. That plaintiff is a resident of Topeka, Shawnee County, Kansas; that the defendant is a foreign corporation duly admitted for business in the State of Kansas, and at all times herein mentioned was operating an automobile finance business in Topeka, Kansas, at 209 West 6th Street in said city.

"2. That in the month of October, 1948, plaintiff was the legal owner of, and held certificate of title issued by the Kansas Motor Vehicle Department to, a 1938 Chevrolet town sedan, Engine No. 1357856, which title had been issued to the plaintiff in May, 1948; that in October, 1948, it came to plaintiff's knowledge that the defendant was making inquiries of plaintiff's friends and otherwise concerning plaintiff's credit and ability to pay and at about the same time, the defendant's agents and representatives came to the plaintiff and represented to plaintiff that the defendant had a valid chattel mortgage upon the above described automobile; that defendant made repeated calls upon the plaintiff and threatened plaintiff that unless plaintiff paid the balance represented to be due on said mortgage in the amount of $343.60, the defendant would seize said automobile under the terms of the said mortgage and apply the said automobile to the satisfaction of the said mortgage indebtedness.

"3. That because of the threats and coercive acts and words of the defendant and the defendant's agents, and to prevent the seizure of the said automobile by the defendant, plaintiff did pay to the defendant the sum of $343.60.

"4. Plaintiff further states that defendant gave plaintiff nothing in return for said money, and plaintiff later learned that defendant did not have a valid mortgage upon said automobile."

Following the filing of the foregoing petition the defendant moved to make it more definite and certain in several particulars one of which was that the plaintiff be required to state "what date and from whom plaintiff obtained possession and paid the consideration for the automobile referred to." Some of the grounds of the motion were overruled, others including the one to which we have just referred were sustained. Thereafter, plaintiff filed an amended

petition in which he complied with all orders of the court except the one above quoted.

Subsequently defendant moved for an order dismissing the action. This motion was founded on the premise the plaintiff had disobeyed the order of the court and failed to comply therewith in the particulars heretofore noted. On the 29th day of September, 1950, this motion was called for hearing, was argued by the parties and the court found and made an order to the effect plaintiff had failed to comply with its order in that he had not alleged in his amended petition the person or persons to whom he had paid the consideration for the automobile referred to in his pleadings. As a part of this order it gave the plaintiff ten days in which to comply with its original order. Thereafter and on the 10th day of October, 1950, the court found the plaintiff had failed to comply with the order of September 29th and had elected to stand upon his amended petition. Thereupon it entered an order dismissing the action at plaintiff's costs.

In his brief and on oral argument before this court the appellant contends that the person to whom he paid the consideration for the automobile is not of controlling significance in the action and that it is clear from his amended petition Larson Used Cars received the consideration which he paid for the automobile when he purchased it. Based on that premise, without citing any authorities to support his contention, he insists the trial court erred in dismissing the action. We do not agree.

At the time the legislature of this state enacted the code of civil procedure it saw fit to include within the code certain provisions dealing with the right of a trial court to dismiss an action without prejudice. The obvious purpose of one of such provisions was to authorize and permit trial courts to have and exercise control of the proceedings in actions over which they had jurisdiction. G. S. 1949, 60-3105, insofar as pertinent to the question now under consideration, reads:

"An action may be dismissed without prejudice to a future action:

. . . . . . . . . . . . .

"Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

"In all other cases, upon the trial of the action the decision must be upon the merits."

There are, we believe, two good reason why appellant's contention the trial court erred in dismissing the action under the condi-

tions and circumstances above related cannot be upheld. In the first place the statute expressly authorized the trial court to dismiss the instant action for appellant's failure to comply with the order which it had made. In such a situation this court's province on appellate review is limited to questions respecting whether the trial court abused sound judicial discretion in making the ruling on which it based its order of dismissal and unless the record on appeal makes it clearly appear that action was so wrong conformance therewith would have resulted in prejudice to his substantial rights we would not be justified in disturbing its action.

We fail to discern, and appellant fails to point out, any sound reason why the trial court's order in the instant case with respect to the amended petition would have prejudiced his substantial rights. On the other hand appellee contends the matter which he refused and failed to set forth was one material to the issues and concerning which it was necessary it be informed in order to properly prepare its defense. In that situation and in view of the other circumstances to which we have referred we conclude the trial court did not err in dismissing the action.

The second reason justifying the conclusion just announced will be briefly stated. Boiled down the essence of appellant's complaint in this case is that the trial court erred in sustaining the appellee's motion to make his petition more definite and certain, and so far as the record discloses the purpose of his appeal is to obtain a review of that ruling. Under decisions so well established that they hardly require citation the rule in this jurisdiction is that a ruling on a motion to make a petition more definite and certain is not appealable (See West's Kansas Digest, Appeal & Error, § 103; Hatcher's Kansas Digest, Appeal & Error, § 18). We are not about to recede from what has been said and held in such decisions. Nor are we disposed to permit a plaintiff, in the absence of a clear showing his substantial rights have been prejudiced, to obtain appellate review of a motion to make his petition more definite and certain by the simple expedient of refusing to amend his pleading and then taking an appeal when his action has been dismissed because of disobedience to a trial court's order.

The judgment is affirmed.