No. 42,591

BETTY SHIRK, a/k/a BETTY SHIRK O'BRIEN, *Appellant,* v. WILLIAM S. SHIRK and CLAIRE SHIRK, *Appellees.*

(372 P. 2d 556)

Opinion filed June 9, 1962.

*Evart Mills,* of McPherson, argued the cause and was on the brief for the appellant.

*Emmett A. Blaes,* of Wichita, argued the cause, and *James A. Cassler* and *Addison I. West,* both of McPherson, and *Roetzel Jochems* and *Charles M. Cline,* both of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This appeal is another chapter of the litigation following the death of Gertrude McCourt Shirk of McPherson county. (See *Shirk v. Shirk,* 186 Kan. 32, 348 P. 2d 840; *In re Estate of Shirk,* 186 Kan. 311, 350 P. 2d 1; *In re Estate of Shirk,* 188 Kan. 513, 363 P. 2d 461.)

The plaintiff has appealed from various orders of the trial court, but the principal and controlling question is whether, under the

facts and circumstances, the court abused its discretion in dismissing the action under the authority of G. S. 1949, 60-3105.

In *Shirk v. Shirk*, above, when this case was first here, it was held that the trial court erred (1) in striking certain allegations from the amended petition, (2) in making an additional party defendant to the action, and (3) in sustaining defendants' demurrer to plaintiff's first cause of action of her second amended petition, and defendants were directed to answer. The opinion in that case summarizes in detail the allegations of the petition, as amended, and they will not be repeated. Following that decision the defendants filed their answer on April 5, 1960. On March 15, 1961, the case was set for trial on April 17, 1961. Brief mention will be made of those matters leading up to the dismissal of the action.

Plaintiff first complains that it was error to set the case for trial "before the issues were made up." After waiting almost a year for plaintiff to reply to the answer the court was fully justified in setting a trial date, and plaintiff's contention may not be sustained.

Five days after the announcement of the trial date plaintiff moved to strike paragraphs 3 and 4 of the answer, which dealt with plaintiff's status as a guest in a McPherson hotel. The motion was overruled, and plaintiff complains. Examining the matter in the light of allegations of the amended petition, we find no error in the ruling.

On March 16, 1961, plaintiff filed a motion for a pre-trial conference (G. S. 1949, 60-2705) and to pass upon questions of law (G. S. 1949, 60-2902) prior to trial. Arguments were had on this motion, at which time defendants moved that plaintiff be required to elect whether her first cause of action was to proceed on the theory of damages for breach of the alleged oral contract or on the theory of damages for the alleged fraud and deceit of defendants. The court ruled that plaintiff make an election within ten days and reserved its ruling on plaintiff's motion relating to a pre-trial conference and rulings on questions of law until such election was made. Plaintiff complains of this order. It is to be noted that the court did not refuse to rule upon plaintiff's motion—it merely postponed a ruling until an election was made, and, under the circumstances, plaintiff's contention is without merit.

It next is contended the court erred in ordering plaintiff to elect between proceeding on the theory of damages for breach of the alleged oral contract and her theory of damages for fraud and deceit in' inducing the contract. In so contending plaintiff relies on

a statement in *Shirk v. Shirk,* above, to the effect that for the purposes of the demurrer it was not material to determine if the plaintiff was going to proceed in her action to recover damages for the tortious conduct of the defendants or for a breach of contract. That statement dealt only with the question whether the amended petition stated a cause of action on either or both theories when tested by demurrer. Under the facts, circumstances and issues presented here, it was not error for the court to require plaintiff to elect.

Plaintiff also contends the trial court erred in striking her demurrer to paragraphs 3 and 4 of the answer. This ruling was made because the questions presented by the demurrer were identical to those presented in the previous motion to strike the paragraphs in question, and, under the circumstances, such ruling was proper.

Some complaint also is made that the trial court erred in overruling plaintiff's motion to continue the trial of this action until final disposition had been made of an appeal to this court in a companion case. We are advised that plaintiff later dismissed that appeal, which would render the matter now moot. But, in any event, the denial of the motion for a continuance did not constitute an abuse of discretion, and, under the circumstances, was proper.

And, finally, plaintiff contends the trial court erred in dismissing this action. As heretofore related, after plaintiff had requested rulings on questions of law, the court ordered her to elect her remedy prior to the making of such rulings. She was given ten days in which to comply. Plaintiff disregarded this order and defendants filed a motion to dismiss the first cause of action because of plaintiff's disobedience of the order. On April 13, 1961, the motion was sustained, leaving the second cause of action for trial. Plaintiff then announced that she would not proceed to trial upon the second cause of action at the appointed time. The court therefore dismissed the second cause of action.

G. S. 1949, 60-3105, in pertinent part reads:

"An action may be dismissed without prejudice to a future action: . . . *Fifth.* By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action. . . ."

This provision of our statute was considered and dealt with in the recent case of *Fletcher v. Securities Acceptance Corp.,* 171 Kan. 215, 231 P. 2d 249, and it was pointed out that the obvious purpose of the provision is to authorize and permit trial courts to have and exercise control of the proceedings in actions over which

they have jurisdiction, and that on appeal from such an order of dismissal this court's province is limited to questions respecting whether the trial court abused sound judicial discretion in making the ruling on which it based its order of dismissal, and unless the record on appeal makes it clearly appear that action was so wrong conformance therewith would have resulted in prejudice to an appellant's substantial rights, this court would not be justified in disturbing the order of dismissal.

Examining the entire record, it has not been made to appear that the orders which were ignored and disobeyed were erroneous to the extent that conformance therewith would have resulted in prejudice to plaintiff's substantial rights. Under the facts and circumstances shown, therefore, the trial court did not abuse its sound judicial discretion in invoking the statute and dismissing the action.

The orders and judgment appealed from are affirmed.