No. 40,024

Milton A. Bender, *Appellant,* v. Salina Roofing Company; Frank W. Egan, John R. Egan, and Thomas F. Egan; and The Hartford Accident and Indemnity Company, *Appellees.*

(295 P. 2d 662)

Opinion filed April 7, 1956.

*H. F. Crowther,* of Salina, argued the cause and was on the briefs for the appellant.

*John E. Wheeler,* of Marion, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

Robb, J.: This was a workmen's compensation case commenced by claimant's application for hearing and compensation claim on September 1, 1954. The commissioner allowed an award, an appeal was taken to the district court by the respondents where the award was denied, and there was a subsequent appeal to this court by the claimant. We shall continue to refer to the appellant as the claimant.

The claimant was employed from August, 1952, to January 28, 1954, by respondent, Salina Roofing Company, which was a co-partnership consisting of Frank W. Egan, John R. Egan, and Thomas F. Egan, who were also named as respondents. The Hartford Accident and Indemnity Company was the insurance carrier and was the last-named respondent. We shall refer to all these appellees collectively as the respondent.

The record showed that on January 26 or January 27, 1954, claimant, in the regular course of his employment, started putting

on a tile roof at Hillsboro and at about 2:30 or 3:00 p. m. on January 28, 1954, he was sitting on the roof with one leg propped under the other to keep from sliding. He had been in this position practically all day. The tiles, which he was applying one at a time, weighed about three pounds each. Claimant was getting up from his sitting position when he felt a sharp pain in his right hip across the lower part of the back and down his right leg to the knee. He continued to work until 6:00 p. m. to finish out the day. Claimant did not slip, fall or twist and he later stated to his employer that he was not involved in an accident, but at the time he did not know the meaning of the word "accident."

Claimant had worked as a truck driver and as a gager, engineer, and maintainer on a pipe line previous to his employment with respondent.

The pain continued in his leg until he went to a doctor ten days later, or on February 8, 1954. The doctor hospitalized claimant on February 15, 1954, and weights were put on his leg while he was in the hospital. He was discharged from the hospital on February 20, 1954, but has been able to do only light work since. After March 22, 1954, he did this kind of work around respondent's warehouse and was engaged in selling used cars at the time of his hearing before the commissioner. He had never missed work before January 28, 1954, but had had a backache higher up in his back for which he had taken about four chiropractic treatments.

An award was made by the commissioner and an appeal was taken to the district court. That court made findings of fact which, in substance, were:

(1) It was stipulated by the parties and found by the court that claimant was the employee of respondent and the insurance carrier was the Hartford Accident and Insurance Company; that notice was received and written claim made according to law; neither compensation, medical or hospital attention had been furnished by respondent or the insurance carrier.

(2) While working for respondent on January 28, 1954, in roofing a building at Hillsboro, claimant suffered a sharp pain in his back and down his right hip and leg when he started to stand from a squatting position; he did not slip, fall or twist, nor suffer any violence to the physical structure of his body from outside force; the alleged injury occurred in the course of claimant's employment.

The trial court then made the following conclusions of law:

"1. The alleged injury of the plaintiff did not result from any accident arising out of his employment and is not compensable under the workmen's compensation act of the State of Kansas.

"2. Judgment should be and is awarded to the respondent the Salina Roofing Company and the insurance carrier the Hartford Accident and Indemnity Company."

In the journal entry of the trial court dated May 13, 1955, and filed June 25, 1955, it reiterated the findings of fact and conclusions of law and rendered judgment in favor of the respondent and against claimant for costs.

Claimant filed his notice of appeal to this court from the judgment of the trial court.

While there are three specifications of error set out in the record, there is really only one question involved and that is—did the trial court err in its first conclusion of law whereby the injury occurring in the course of claimant's employment was held not to be an accident arising out of his employment?

G. S. 1949, 44-556, in part reads:

"Any party . . . may appeal . . . to the district court . . . upon questions of law and fact as presented and shown by a transcript of the evidence . . . before the commissioner . . . any party . . . may appeal from . . . the district court to the supreme court on questions of law."

Two of our most recent cases on this point are *Neff v. Henry Wagner Transport Co.,* 177 Kan. 738, 281 P. 2d 1109, and *Coble v. Williams,* 177 Kan. 743, 747, 282 P. 2d 425. In view of the statute above quoted and the two cases cited we can consider here only questions of law.

The subject of recovery by a workman who is injured by accident arising out of and in the course of his employment is controlled exclusively by special statutes commonly referred to as the workmen's compensation act (*Echord v. Rush,* 124 Kan. 521, 261 Pac. 820) and the part thereof necessary to decide the controversy before us reads as follows:

"If in any employment to which this act applies, personal injury by accident . . . is caused to a workman, his employer shall . . . be liable to pay compensation to the workman . . ." (G. S. 1949, 44-501.)

It must follow that we cannot disturb the trial court's findings of fact because there is evidence set out in the record which substantially and competently supports those findings. (*Hilyard v. Loh-*

*mann-Johnson Drilling Co.*, 168 Kan. 177, 211 P. 2d 89.) The relevant portion of the findings of fact reads:

"2. . . . That while so working he suffered a sharp pain in his back and down his right hip and leg when he started to stand from a squatting position. That he did not slip, fall or twist, nor suffer any violence to the physical structure of the body from outside force."

This finding was followed by the conclusion of law above set out to the effect that the injury did not result from any accident arising out of his employment and was not compensable under the act. Our function is to determine the correctness of that legal conclusion when it is tested under the multitude of cases decided by our court. Was the injury by accident whereby the workman is entitled to recover under the act, or did it fall short of that standard so there is no such remedy?

Respondent relied on cases which involve workmen who had suffered injury but such injury was determined to be what is termed as gradually developed occupational diseases. We do not have such a situation involved here and we will not go into those authorities.

This court has been most consistent in adhering to the rule that all and singular, each and every provision of the workmen's compensation act must be liberally construed in favor of the workman to effect the purpose of its provisions. (*Burk v. American Dist. Tel. Co.*, 160 Kan. 519, 163 P. 2d 402.)

While the case was not on a question of "by accident" but on another element of the act, it may be well to note that in *Hilyard v. Lohmann-Johnson Drilling Co.*, supra, this court gave one of the sound reasons for liberal construction of the act when it said,

"The purpose of the act is to burden the industry with the economic loss to a workman, or his dependents, resulting from accidental injury sustained by the workman arising out of and in the course of his employment. *Rush v. Empire Oil & Refining Co.*, 140 Kan. 198, 34 P. 2d 542." (p. 180.)

For further consideration of the theory of liberal construction see, also, *Hemphill v. Co-operative Refinery Assn.*, 174 Kan. 301, 255 P. 2d 624, where this court allowed compensation in keeping with a finding of fact by the trial court for the loss of a sightless eye.

The workman, or claimant, has the burden of proving that an injury was "by accident" (*Taylor v. Swift & Co.*, 114 Kan. 431, 219 Pac. 516) and he cannot prove his right to an award by evidence which is purely conjectural or speculative, but proof must be by

substantial evidence which the trial court sees fit to believe. (*Burk v. American Dist. Tel. Co.*, supra, p. 525.) Such substantial evidence may be shown by direct or circumstantial evidence. (*Carney v. Hellar*, 155 Kan. 674, 127 P. 2d 496; *Silvers v. Wakefield*, 176 Kan. 259, 270 P. 2d 259.)

There have been diverse injuries which this court has concluded were "by accident" and we will set out a few of them. The often-cited case of *Gilliland v. Cement Co.*, 104 Kan. 771, 180 Pac. 793, involved a workman who used a sixteen-pound sledge to break rock and then had to load rock of various sizes into a car. He suffered a pulmonary hemorrhage which resulted in his death before medical help could reach him. The court there held the facts stated indicated an injury "by accident" and said,

"The evidence warranted a finding that the physical structure of the man gave way under the stress of his usual labor." (p. 777.)

We turn next to *Barker v. Shell Petroleum Corp.*, 132 Kan. 776, 297 Pac. 418, where claimant was injured running a four-wheeled maney over rough track and railroad ties whereby he was jolted, jerked, and jarred and this court held this was an accident, following the reasoning in the Gilliland case, and there said,

"In the case at bar the incident was an untoward event, not expected or designed by the workman, each and every jolt and jerking was sudden and unexpected, painful, afflictive and accompanied with force." (p. 783.)

In *Carney v. Hellar*, supra, the fifty-two year old claimant, who for years had been afflicted with arteriosclerosis (a disease of the arteries), was engaged in carpenter work on a house and was last seen either on a sawhorse or getting onto it, close to where boards were to be sawed off on the eaves of a house. He was the only person engaged in sawing off the boards on the eaves. He was found unconscious leaning against the sawhorse, and was taken to a hospital where he died two and one half days later from stroke or cerebral hemorrhage. In that case it was stated,

"Our compensation law prescribes no standard of health for a workman. It is well settled that accidental injuries are compensable where the accident only serves to aggravate or accelerate an existing disease, intensifies the affliction or contributes to the death of the workman. [Citations]." (p. 677.)

The claimant in *Silvers v. Wakefield*, 176 Kan. 259, 270 P. 2d 259, had a duty to crank a diesel engine. On the evening in question, which was very cold, claimant had cranked the engine, which was more difficult to start in cold weather. While the Silvers case

turned on a question of evidence, it is helpful here for the reason that an award was allowed for claimant's death as a result of infection and complications resulting from a perforated or ruptured duodenal ulcer caused by the physical exertion in cranking the engine.

Where a pain in the center of the chest was followed the next day by another pain about the center of the breastbone of the claimant, an auto mechanic, in *Hill v. Etchen Motor Co.*, 143 Kan. 655, 56 P. 2d 103, after he had braced himself while pulling a steady hard pull on a ten-inch wrench he was using on a nut, the claimant there testified,

"I did not slip that I know of . . ." (p. 657.)

The respondent in the above case contended there was no slipping, falling, or other unexpected occurrence which caused the coronary thrombosis which resulted. The court in its concluding paragraph there said,

"In our judgment, the evidence before the commissioner, and later before the district court, warranted the conclusion that even though claimant, unknown to himself, had an affliction of his heart or circulatory system that eventually might cause his death or render him incapable of manual labor, the hard pull on the wrench aggravated his condition, and caused a speeding up of a result that might or might not have occurred in the future. Certainly as to the claimant, it cannot be said he intended by the pull on the wrench to cause a thrombosis that might cause his death or render him an invalid. When claimant braced his feet and exerted a strong pull on the wrench, so far as he or anyone else was concerned, what then happened to him was undesigned, sudden, unexpected and of an afflictive character—or, in shorter form, it was an accident. It arose out of and in the course of his employment, and the district court properly held he was entitled to compensation." (p. 659-660.)

Another case where a coronary thrombosis was suffered was by a grocery employee who strained himself while stocking merchandise. It was there held that the claimant had sustained personal injury by accident (*Peterson v. Safeway Stores*, 158 Kan. 271, 146 P. 2d 657), and it was pointed out that,

"The course of our decisions has been uniform. The legislature long has been aware of the construction this court has given to the statutory language 'personal injury by accident' and it has not seen fit to amend the act. Although we recognize the phrase has been given a more restricted construction in other jurisdictions, we choose to follow our own decisions." (p. 275.)

A case very similar to the case at bar is *Kauffman v. Co-operative Refinery Assn.*, 170 Kan. 325, 225 P. 2d 129, where the claimant was changing clothes in a change house on the employer's premises after punching the time clock. When he bent over to untie and take off

a shoe he suffered a strangulated hernia. The court there said that the workmen's compensation act is sufficiently broad to include awards for injuries resulting from incidents of the employment (Syl. ¶ 2) and further that the elements of the term "accident" as well as other provisions of the act must not be construed in a strict and technical sense, but liberally with a view of effectuating the true intent and purpose of the act. (Syl. ¶ 5.)

We have no quarrel with cases cited by respondent where it has been found and concluded that no injury by accident occurred, but it is not necessary to go into them in detail here. The same is true of cases filed under the theory of a common-law action where recovery was denied because the proper remedy was under the workmen's compensation act even though the rule of liberal construction of the act was repeated in those cases. (*Duncan v. Perry Packing Co.,* 162 Kan. 79, 85, 174 P. 2d 78; *Winkelman v. Boeing Airplane Co.,* 166 Kan. 503, 510, 203 P. 2d 171.)

We have given consideration to the foregoing cases and quotations therefrom because they, together with the authorities they contain, exhaust the proposition; they show the trend of the court's thinking and views through the years pertaining to claims filed under the workmen's compensation act; and they show that the court's liberal interpretations of the act are sound.

We have recently said the consistency of decisions involving interpretation of the workmen's compensation act cannot be maintained by construing the act liberally in favor of compensation where the workman seeks compensation and strictly against compensation when he seeks damages. (*Bright v. Bragg,* 175 Kan. 404, 264 P. 2d 494.) We think the corollary should also be true that we cannot be consistent if we construe the act liberally where the claimant seeks to recover damages in a common-law action and then construe the act strictly against a claimant when he seeks an award under the act.

We would certainly be construing the act and its effect strictly against claimant in this case if we approve a finding of fact by the trial court, as herein set out, and then say that the trial court's conclusion of law was correct when it ruled that the alleged injury of the claimant did not result from any accident. To do this would be inconsistent with the injury cases herein set out, which are only a few of the total number decided heretofore by this court, and would read into the act that since the workman did not *slip, fall or*

*twist, nor suffer any violence to the physical structure of the body from outside force,* he could not recover.

While it is true that we are bound by the findings of fact of the trial court based on substantial and competent evidence, the trial court is also bound by those findings of fact and if it finds a fact, or facts, which constitute injury by accident in the light of, and in keeping with, the decisions of this court, it has a duty to so conclude as a matter of law. If the trial court fails in its application of the rule of liberal construction, then the appellate court has the duty to correct such failure.

The judgment of the trial court is reversed with directions to reinstate the award of the commissioner.

THIELE and PRICE, JJ., dissent.