No. 41,414

Mary Carter, *Appellant*, v. State Department of Social Welfare, State of Kansas, *Appellee*.

(339 P. 2d 5)

Opinion filed May 16, 1959.

*William L. Parker, Jr.*, of Topeka, argued the cause, and *George E. Mc-Cullough, Robert L. Kimbrough*, and *Walter N. Scott*, all of Topeka, were with him on the briefs for the appellant.

*J. A. Babicki*, of Topeka, argued the cause, and *John Anderson*, attorney general, and *Hart Workman, Charles V. Hamm*, and *William W. Dimmitt, Jr.*, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal from an order of the trial court sustaining a motion by appellee, the state department of social welfare, respondent and self-insurer, to quash service of summons upon it in a workmen's compensation action commenced by appellant, claimant, pursuant to the provisions of G. S. 1949, 44-512a.

A review of the history of this case shows that appellant performed maid duties at the Topeka State Hospital where she received accidental injury on June 12, 1957. Stipulations before the workmen's compensation commissioner were that the accident occurred on June 12, 1957, that it arose out of and in the course of the employment, the relationship of employer and employee existed, re-

spondent operated under our workmen's compensation act and was self-insured, notice was had and written claim made as required by statute, the wage was $191.00 a month, compensation of $26.40 had been paid from June 20, 1957, to June 30, 1957, Stormont Vail Hospital was paid $269.40 and the doctor was paid $66.00.

An award was granted claimant for not to exceed 415 weeks · of temporary total disability payable at $26.45 per week. Compensation then due and owing for fifty weeks to June 4, 1958, in the amount of $1,322.50, was ordered to be paid in one lump sum, less compensation previously paid, and the balance was to be paid at the rate of $26.45 per week until fully paid, or further order of the commissioner. Additional medical treatment to that previously furnished was also awarded, but the total for such treatment was not to exceed $2,500.

. On June 3, 1958, appellant addressed a registered letter to appellee pursuant to G. S. 1949, 44-512a, the pertinent provisions of which read:

"That if any compensation awarded . . . or any installment thereof shall not be paid to the employee or other person entitled thereto when due, and service of written demand for payment has been made . . . by registered mail on the person, firm or corporation liable to pay the same, payment of said demand is thereafter either refused or not made within two weeks from the date of service of said demand, then the entire amount of compensation awarded . . . shall become immediately due and payable and said employee . . . may maintain an action in any court of competent jurisdiction for the collection thereof in like manner as for the collection of a debt. The remedies of execution, attachment, garnishment or any other remedy or procedure for the collection of a debt now provided by the laws of this state shall apply to such action . . ."

The letter reviewed the details of the award by stating that it provided appellant was to receive not to exceed 415 weeks of temporary total disability payable at $26.45 per week; that compensation then due and owing for fifty weeks to June 4, 1958, in the sum of $1,322.50 was ordered paid in one lump sum, less compensation previously paid; the balance was to be paid at $26.45 per week until fully paid, or until further order of the commissioner together with additional medical treatment in a total not to exceed the sum of $2,500; the lump sum was due and unpaid. Demand was made for payment of all due compensation, all future installments when due, all medical treatments then due, and future medical treatments due under the award made according to the provisions of 44-512a. The letter further stated if the past due installments were not paid within

fourteen days from service of the registered letter, appellee was thereby notified that appellant intended to follow the provisions of 44-512a for collecting the entire award in one lump sum. The same statutory procedure would be followed should any future installment or any medical bill not be paid within fourteen days of the due date.

The record further reflects that on June 20, 1953, appellee had elected to come within the provisions of our workmen's compensation law, and on June 25, 1956, it had filed a supplemental election in order to cover, among others, all of the employees of the Topeka State Hospital, which election contained the following provision:

"That said State Department of Social Welfare is an *employer of Labor,* and is engaged in the business of operating the above institutions in the State of Kansas, and agrees to furnish to the Commissioner a report of any accident, or claimed or alleged accident, on the form prescribed by the Commissioner, within seven days after such accident." (Our emphasis.)

Appellee made no payment of compensation in compliance with appellant's written demand and she commenced the instant action. Appellee entered a special appearance only for the purpose of filing and presenting a motion to quash the service of summons. An alias summons was subsequently issued to which appellee likewise filed a motion to quash the service for the following reasons:

1. The defendant is an agency of the State of Kansas and is subject to suit only in those cases where the State has waived its inherent immunity.

2. The statute under which this action is brought does not include the state or any agency thereof as a person coming under the purview of that statute.

3. Plaintiff seeks to do indirectly what it may not do directly.

The trial court's journal entry of judgment entered November 13, 1958, set out that the parties had agreed to submit the question upon briefs and that after consideration thereof it was the trial court's opinion that appellee had not waived immunity by reason of having elected to come under the workmen's compensation act and that the immunities attaching to sovereignty are never to be considered as waived or surrendered by any inference or implication. Further, that the appellee could operate under the act and yet not subject itself to a suit based upon a judgment or finding of the compensation commissioner. The trial court sustained appellee's motion "to quash services." Appellant appeals from that order and raises the sole question—can appellee waive its immunity to part of the workmen's compensation act and yet retain its immunity insofar as 44-512a is concerned?

Appellee's first contention that the state is amenable to suit only in the event and for the purpose it has granted the right to be sued is not arguable. It was so stated in *Lungstrum v. State Highway Commission,* 177 Kan. 57, 276 P. 2d 346, where plaintiff attempted to sue for damages due to a highway defect but was unsuccessful because the defect was in a township road that was being used as a detour while the state highway was undergoing repairs. It was there held that the township road was not thus converted into a part of the state highway system.

Appellee admits that by its election to come under G. S. 1957 Supp. 44-505, it became amenable to the compensation proceeding herein involved but, as before stated in the summary of the pleadings, it contends that 44-512a is a separate and distinct section which would require another election by appellee before it could be amenable to suit thereunder. Further, that election would have to be a clear and unequivocal consent or election, citing *Construction Co. v. Board of Administration,* 105 Kan. 291, 182 Pac. 386.

In an early action under the workmen's compensation act (*McRoberts v. Zinc Co.,* 93 Kan. 364, 144 Pac. 247) this court stated that the remedy afforded by the act in cases where the employer and employee have elected to come within its provisions is exclusive. (Syl. 1.) In the opinion it was stated that the court had already determined that as to employer and employees who elect to come under the law, the law itself becomes a part of the contract of employment and *both are bound by its provisions* (p. 367) and more recently in *Neville, Administratrix, v. Wichita Eagle,* 179 Kan. 197, 294 P. 2d 248, the court stated that rights and duties under the workmen's compensation act are contractual in nature.

Referring to 44-512a, it was stated in *Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 152 P. 2d 860, 155 A. L. R. 546, 558, a statute which merely changes a remedy is not invalid and there are no vested rights to any particular remedy. (Syl. ¶ 3.) The opinion further stated that an amended statute did not disturb an employer's vested right to pay installments according to the terms of a previous judgment if it complied therewith. In other words, under the new remedy the employer had the choice of protecting vested rights merely by complying with the judgment by which it was bound until modified, or of permitting the workmen to invoke the new remedy for the collection of all future installments. The statute is remedial in character.

The Ellis case was cited with approval in *Babcock v. Dose,* 179 Kan. 298, 300, 293 P. 2d 1007, where 44-512a was held to be remedial and intended to supplement existing remedies as indicated therein.

In *Employers' Liability Assurance Corp. v. Matlock,* 151 Kan. 293, 98 P. 2d 456, 127 A. L. R. 461, it was stated that the workmen's compensation law is a comprehensive act and covers every phase of a workman's right to compensation and the procedure for obtaining it. (Syl. ¶ 1.) Contained therein also is a detailed discussion of the workmen's compensation act but reiteration herein would only unduly extend this opinion. Attention is called, however, to two additional opinions: *Williams v. Cities Service Gas Co.,* 151 Kan. 497, 504, 99 P. 2d 822, where two sections of the act (44-509 and 44-520a) were considered and construed together and *Attebery v. Griffin Construction Co.,* 181 Kan. 450, 456, 312 P. 2d 598.

In view of the discussion and authorities cited we can arrive at no other conclusion than that the workmen's compensation act cannot be dissected into parts with a result that an employer can elect to be subject to the act but pick and choose which sections it will be subjected to by reason of its election. When the appellee elected to come within the law, it waived its immunity to each and every portion thereof and the trial court erred in concluding contrarily.

We have examined and considered other contentions and authorities submitted by the parties but we do not deem them meritorious in the determination of the question before us involving only our workmen's compensation act.

Appellee's motion to quash the service of summons was erroneously sustained. It should have been overruled.

The judgment is reversed with directions to overrule the motion to quash.