No. 43,764

ABE S. NEUFELD, *Appellant,* v. MID-CONTINENT CASUALTY COMPANY, *Appellee.*

(391 P. 2d 1009)

Opinion filed May 9, 1964.

E. *Dexter Galloway,* of Hutchinson, argued the cause and was on the briefs for the appellant.

E. *P. Villepigue,* of Wichita, argued the cause, and *I. H. Stearns,* of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment of the district court denying a lump sum judgment and related relief in a workmen's compensation case.

The facts are not in dispute. The issues involve procedural facts which will be presented in detail.

The plaintiff was injured on October 10, 1961, while in the course of his employment by one R. W. Scott. The Mid-Continent Casualty Company was Scott's workmen's compensation insurer.

On April 26, 1962, an examiner for the Workmen's Compensation Director made an award which reads in part:

"WHEREFORE, AWARD OF COMPENSATION IS HEREBY MADE in favor of the claimant, Abe S. Neufeld, and against the respondent, R. W. Scott, d/b/a Western Brake & Equipment Company, and the insurance carrier, Mid-Continent Casualty Company, for an accidental injury occurring on October 10, 1961, resulting in temporary total disability for which he is entitled to compensation beginning October 20, 1961, at the rate of $38 per week for not to exceed 415 weeks, or until further order of the Director. As of April 27, 1962, there was due and owing the claimant the sum of $1,026, which is ordered paid in one lump sum. Thereafter, the respondent and insurance carrier, Mid-Continent Casualty Company, are ordered to pay the claimant at the rate of $38 per week for not to exceed 388 weeks, or until further order of the Director."

The award also included medical and hospital expenses of the employee and the expense of the hearing.

Scott and the insurance carrier filed a timely motion with the Workmen's Compensation Director for a review of the examiner's award. Some question was raised by the insurance carrier as to its opportunity to present all of its. evidence to the examiner.

On May 4, 1962, the Director, stating that he wished to afford all parties a full opportunity to be heard, ordered and decreed as follows:

"IT IS, THEREFORE, ORDERED, DECREED AND ADJUDGED that the award entered herein on April 26, 1962, by Examiner Ralph J. Thorne shall remain in full force and effect until such time as said award has been modified or revoked by the Examiner, Director or the District Court upon appeal. It is further ordered that the Examiner hold one more hearing in this matter at which time all parties will be given an opportunity to present any further evidence they have in regard to the issues to be decided. It is further ordered that the amounts ordered to be paid in said award of April 26, 1962, be paid by respondent, R. W. Scott and insurance carrier, Mid-Continuent Casualty Company.

"This order shall be effective May 7, 1962."

On May 9, 1962, the examiner, pursuant to the director's order, set the matter for further hearing on May 15, 1962.

On May 10, 1962, Scott and the insurance carrier filed a notice of appeal to the district court from the award made by the examiner on April 26, 1962, and the order of the director issued May 4, 1962.

On May 15, 1962, neither Scott nor the insurer appeared before the examiner for further hearing. The record discloses no further action by the examiner or the director.

On May 15, 1962, a written demand was made for payment of the award by registered mail on the insurer and its attorneys. Payment was not made.

Later, and on June 9, 1962, the plaintiff filed the action, from which the instant appeal was taken, against the Mid-Continent Casualty Company under the provisions of G. S. 1961 Supp., 44-512a, for a lump sum judgment on the award. The prayer was for $15,770 plus accrued interest and attorney. fees.

At this point we have two cases pending before the district court between the same parties growing out of the same workman's injury and award.

On January 3, 1963, the district court heard the appeal from the

workmen's compensation award and entered judgment approving the award. The Mid-Continent Casualty Company appealed to this court from such judgment, the appeal being docketed as case No. 43,518.

Thereafter, and on July 1, 1963, the district court entered judgment in the action by the plaintiff against Mid-Continent Casualty Company for a lump sum judgment, the case now before us for review. The journal entry of judgment reads in part:

"1. No compensation was due and payable by the defendant to the plaintiff at the time said plaintiff filed this present action.

"2. The insurance company did not refuse without just cause or excuse to pay the claimed compensation so as to permit allowance of attorney fees under section 40-256, 1949 G. S. Kansas.

"3. Whether or not interest should be allowed on said sum demanded is moot (however, in the event plaintiff files a new action, the comments on interest and attorney fees made by the court in 188 Kan. 571 might be noted)."

On July 10, 1963, the Mid-Continent Casualty Company issued a draft in the sum of $1,026.00 covering compensation awarded for a temporary total disability and a draft covering all compensation due to July 11, 1963, in the sum of $2,394.00, and also paid all medical expense then due and owing in accordance with the award of the examiner, the order of the director, and the judgment of the trial court, and since then has paid weekly compensation due the appellant at the rate of $38.00 per week. All of said drafts have been accepted and cashed by the plaintiff and his attorney.

On August 1, 1963, the plaintiff appealed to this court from the judgment of the district court denying him a lump sum judgment, the appeal being docketed as Case No. 43,764.

On September 25, 1963, the Mid-Continent Casualty Company filed a motion to dismiss its appeal in this court from the judgment of the district court sustaining the award of the Workmen's Compensation Director. The appeal (Case No. 43,518) was dismissed on September 26, 1963.

On December 6, 1963, the Mid-Continent Casualty Company filed its motion in this court to dismiss the pending appeal (Case No. 43,764) from the judgment of the district court denying the plaintiff a lump sum judgment for the reason that the plaintiff, having accepted the payments as heretofore stated, acquiesced in the judgment.

We will first direct our attention to the motion to dismiss the appeal in Case No. 43,764.

The plaintiff in the case just mentioned, hereinafter referred to as the appellant, calls our attention to the well-established principle that the Workmen's Compensation Act is a comprehensive enactment complete in itself with simplified procedure designed to speed the settlement of claims and avoid delay as well as expense of litigation. This is true so far as the proceedings before the Workmen's Compensation Examiner and the proceedings before the district court on appeal are concerned. However, the comprehensiveness and completeness of the act ceases on appeal to this court. After an appeal has been perfected to this court "such appeal shall be prosecuted in like manner as other appeals in civil cases." (G. S. 1961 Supp., 44-556.)

It necessarily follows that the appeal now under consideration is subject to all of the rules and regulations of the Supreme Court on appeal, including the rule that acquiescence in the judgment of the district court precludes or abandons an appeal from such judgment.

The rule that anything which savors of acquiescence in a judgment cuts off the right of appellate review is firmly established in this state. See *In re Estate of Hill*, 179 Kan. 536, 297 P. 2d 151, where it is held:

"In this state it is an established rule of law that a party who voluntarily acquiesces in, ratifies or recognizes the validity of a judgment, order or decree against him, or otherwise takes a position which is inconsistent with the right to appeal therefrom, thereby impliedly waives or is estopped to assert his right to have such judgment, order or decree reviewed by an appellate court. In other words, anything that savors of acquiescence in a judgment cuts off the right of appellate review." (Syl. ¶ 1.)

And in the opinion said:

"This court is reluctant to deny litigants their right to a review of questions on the merits, but, nevertheless, the rule is firmly established that anything that savors of acquiescence in a judgment cuts off the right of appellate review thereof. A few of our decisions in which the rule has been adhered to are: *Mann v. Mann*, 140 Kan. 538, 38 P. 2d 147; *Anderson v. Carder*, 159 Kan. 1, 150 P. 2d 754; *Sisk v. Edmonston*, 163 Kan. 394, 182 P. 2d 891, and *Rose v. Helstrom*, 177 Kan. 209, 277 P. 2d 633." (p. 538.)

See, also, *Anstaett v. Christesen*, 192 Kan. 572, 389 P. 2d 773, where it is said.

"It is a well established rule of law that an appeal will be dismissed upon a showing that the appealing party has acquiesced in or invited the making of the order from which the appeal is taken. (*Sisk v. Edmonston*, 163 Kan. 394,

182 P. 2d 891 and *Newsom v. Anderson,* 164 Kan. 132, 187 P. 2d 495.)" (p. 574.)

For numerous other decisions of like import where the foregoing rule is stated, considered, discussed and applied see Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 69, and West's Kansas Digest, Appeal & Error, § 154(1).

Prior to the filing of the instant appeal to this court the appellee issued drafts in the total sum of $3,430.00 and has continued weekly payments of compensation since that time. As previously stated, all of the payments have been accepted by appellant and his attorney of record. The appellant has accepted all the benefits of the district court's judgments. He cannot now be heard to say that he will accept all of the benefits of the judgments below and then appeal for more.

Appellant relies on the case of *Miller v. Massman Construction Co.,* 171 Kan. 713, 237 P. 2d 373, as authority for his contention that he can accept the benefits from the judgments below and appeal from that part of the judgments which were adverse to him. The case is not in point. In the *Miller* case the plaintiff attempted to collect the past due monthly payments by execution before beginning an action for a lump sum judgment. The execution was improperly issued and no payments were ever accepted by the plaintiff. The procedural facts were summarized in the opinion as follows:

". . . It was further recited that an execution was prematurely and erroneously issued commanding the sheriff to make (collect) a judgment to September 7, 1950, in the amount of $2,120; that the execution was erroneously numbered in another suit between the same parties subsequently filed, etc.; that the execution was still outstanding, etc., and should be ignored but Massman should be ordered to pay $2,180 in one lump sum by paying to the sheriff the amount of $2,120 and by paying the remaining $60 directly to the clerk of the court. No appeal was taken from this order. It is noted the abstract in the instant action discloses that Massman paid the sum ordered paid the sheriff, who paid the same to the clerk, and also the sum ordered paid to the clerk, the costs and, at least up to the time of trial of the instant action, weekly installments of $20, *and it was undisputed at the trial that Miller had never collected any of these amounts from the clerk of the court.*" (p. 716.) (Emphasis supplied.)

A much different situation exists in a case where a workman attempts to collect past due monthly compensation payments by execution and then sues for a lump sum judgment, than in the present

case where the action was for a lump sum and having received an adverse judgment he accepts all past due and current monthly payments and then attempts to appeal.

Under the related facts and circumstances, and the decisions herein cited, the appellant has acquiesced in the judgment from which he is appealing and his appeal must be dismissed.

It is so ordered.