No. 45,613

Henry I. Griffith, *Appellant,* v. State Highway Commission of Kansas, Appellee.

(456 P. 2d 21)

Opinion filed June 14, 1969.

*William H. Stowell*, of Phillipsburg, argued the cause, and *Doris Dixon Stowell*, of Phillipsburg, was with him on the brief for appellant.

*John A. McKinnon*, of Topeka, argued the cause, and *John H. Morse*, of Topeka, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This case arises out of a workmen's compensation proceeding. The plaintiff has appealed from the order of the district court sustaining his motion for summary judgment in an amount less than the amount he sought to recover in an action commenced pursuant to K. S. A. 44-512a.

On or about November 15, 1962, the claimant sustained personal injury by accident which arose out of and in the course of his employment. He timely commenced a proceeding before the workmen's compensation director, and his claim, like Rip VanWinkle, lay peacefully sleeping in the office of the director until July 12, 1966, when a hearing was had before an examiner. Again the plain-

tiff's claim went into a state of repose and rested in the office of the director until February 28, 1968.

This court has no knowledge as to the reasons for the unwarranted delays in the processing of the plaintiff's claim, but later, on February 28, 1968, an award was made in favor of the plaintiff and against the respondent and self-insurer, The Kansas State Highway Commission, hereafter referred to as the commission, for 415 compensable weeks at the rate of $38 per week for a total award of $15,770. The examiner found that the plaintiff sustained 70 percent permanent partial disability, and as of February 1, 1968, there should have been paid to him the sum of $10,450, which was ordered paid in one lump sum, and the balance of compensation in the amount of $5,320 was ordered paid at the rate of $38 per week for 140 weeks, or until the further order of the director.

The examiner further entered an award in favor of the plaintiff for accrued medical expenses in the sum of $591.40, and future medical expenses not to exceed $6,000, less medical expenses therefore paid or ordered paid under the terms of the award of February 28, 1968.

The commission made timely written request to the director to review the examiner's award pursuant to K. S. A. 44-551. Upon review, and on March 11, 1968, the director approved and confirmed the examiner's award in favor of the plaintiff in all respects, except he found that as of the date of the plaintiff's injury, the statutory maximum of future medical expenses was $4,000, and accordingly modified the award in that respect by reducing future medical expenses from $6,000 to $4,000.

On March 15, 1968, the commission perfected its appeal to the district court of Phillips County from the award of the director in favor of the plaintiff (Case No. 10,373). No bond was filed by the commission in accordance with K. S. A. 44-530 and 44-556, *and the commission paid no compensation of any kind to the plaintiff in compliance with the terms and requirements of the director's award, or as required by the provisions of K. S. A. 44-556, during the pendency and determination of its appeal to the district court.*

On June 25, 1968, the plaintiff served his personal handwritten statutory demand by registered mail upon the commission and its attorneys of record, as follows:

> "To: State Highway Commission of Kansas
> State Office Building
> Topeka, Kansas

"To:  John H. Morse and John A. McKinnon—Attorneys
      State Highway Commission of Kansas
      State Office Building
      Topeka, Kansas

"Gentlemen:

      "The undersigned hereby respectfully makes demand for payment of all due compensation.

      "Dated this 25th day of June, 1968.

                                    "/s/    Henry I. Griffith
                                            Henry I. Griffith
                                            Phillipsburg, Kansas  67661."

Receipt of the plaintiff's written demand was acknowledged by counsel for the commision.

The plaintiff and the commission stipulated that the commission failed to pay compensation within twenty days in accordance with the plaintiff's written demand of June 25, 1968, and that the twenty-day period following service of said written demand ended on July 15, 1968, at which time the commission was in default of payment of all compensation awarded the plaintiff pursuant to the provisions of 44-512a.

On August 7, 1968, the plaintiff commenced this 44-512a action against the commission in the district court, case No. 10,395, to recover the entire amount of compensation awarded by the director on March 11, 1968.

On August 23, 1968, the commission filed its answer to the plaintiff's petition, admitting the proceedings before the workmen's compensation director; the entry of an award in his favor in the total amount of $15,770 and accrued medical expenses of $591.40, and limiting future medical expenses to not exceed $4,000. The commission alleged the timely perfection of its appeal to the district court of Phillips County where the merits of the plaintiff's award was then pending, and denied the other allegations of the petition. It further alleged that:

      ".  .  .  this action is covered by K. S. A. 44-556 wherein it specifically provides that no compensation is due and owing except a ten (10) week period immediately preceding the examiner's award and a weekly compensation award some twenty (20) days after the date of the award entered by the Workmen's Compensation Director."

And further alleged that:

      "This is a cause of action brought under K. S. A. 44-512 (a) which is not applicable by virtue of the above set out statute."

On September 5, 1968, the plaintiff filed his motion for summary judgment against the commission and served notice for the hearing of said motion on September 16, 1968.

In the meantime, and on August 6, 1968, the district court heard the merits of the commission's appeal from the award of the director. On August 23, 1968, the district court made findings of fact and conclusions of law to the effect the plaintiff sustained personal injury by accident on or about November 15, 1962, which arose out of and in the course of his employment; that he sustained a ten percent permanent partial disability in the compensable sum of $3.80 per week from and after November 30, 1962, making a total award of compensation in the sum of $1,577; that as of August 24, 1968, there was due and owing the plaintiff the sum of $1,052.40, which should be paid in a lump sum and the balance due the plaintiff in the sum of $524.60, should be paid at the rate of $3.80 per week for an additional 117 weeks. The court further found that the commission should pay the plaintiff's medical expenses in the total sum of $326.30, and should pay future medical expenses of the plaintiff incurred in the treatment of his disability in a total sum of $4,000, less any sums previously paid.

Thereafter, the plaintiff timely appealed from the judgment of the district court to this court, which was docketed as *Griffith v. State Highway Commission*, 203 Kan. 656, 456 P. 2d 32.

On September 24, 1968, the plaintiff's 44-512a action came on for hearing before the district court upon the plaintiff's motion for summary judgment. In deciding the matter, the district court filed its memorandum opinion, making findings of fact and conclusions of law to the effect that, having entered its decision and award in favor of the plaintiff in the workmen's compensation case (Case No. 10,373) and entered judgment in the plaintiff's favor in the total amount of $1,903.30, it adopted that amount as the judgment to be entered in favor of the plaintiff in his 44-512a action, and the plaintiff has duly perfected this appeal.

It is first contended the plaintiff's "demand letter" of June 25, 1968, was insufficient and was not calculated to fairly apprise the commission of what was intended. The point is not well taken. The letter was addressed to the commission and its attorneys of record and was sent by registered mail. It was sufficient to invoke the provisions of 44-512a. The fact the letter was registered should

have indicated to counsel it was an important instrument, and its contents clearly indicated it involved the plaintiff's compensation case. The commission, not the plaintiff, was responsible for the passage of time in which it might have paid the accrued compensation and avoided the effects of the statute under which the entire award became due and payable. It was the commission's burden to avoid the effects following the demand, and neither the plaintiff nor his counsel was under obligation to advise the commission of the exact amount due. That was a matter of record and there was never any dispute as to the amount.

The entire matter was set to rest in *Miller v. Massman Construction Co.*, 171 Kan. 713, 237 P. 2d 373. There the claimant wrote the employer by registered mail in which he stated, "[p]lease send my compensation due me as I need it bad." This court held the written demand was sufficient to invoke the statute. Moreover, the commission's answer failed to raise the sufficiency of the plaintiff's written demand, and its real complaint is not that the demand letter was insufficient, but that the plaintiff had no right to serve it at the time it was served, since the commission's answer alleged, "[t]his is a cause of action brought under K. S. A. 44-512(a) which is not applicable by virtue of the above set out statute"—reference being made to K. S. A. 44-556. This statute was first construed in *Scammahorn v. Gibraltar Savings & Loan Assn.*, 195 Kan. 220, 404 P. 2d 165, and it was said:

"Likewise, it is obvious the legislature intended by its amendment to 44-556 that if an employer was insured for workmen's compensation liability, or if he was a self-insurer and had filed a bond with the district court pursuant to 44-530, he was relieved of payment of compensation during the first twenty days after the entry of the award if, within such twenty-day period, he perfected an appeal to the district court. However, the legislature also intended that if such an employer perfected an appeal to the district court, he was not relieved of payment of compensation due for the ten-week period next preceding the director's decision and of additional payments in accordance with the terms of the award until the district court rendered its decision on appeal. *If an employer failed to make payment of compensation after his appeal was perfected, the legislature further intended that a statutory demand under 44-512a could be served.*" (1. c. 224.) (Emphasis supplied.)

Without further discussion we hold the demand letter of June 25, 1968, was sufficient to invoke the statute. (*Miller v. Massman Construction Co.*, supra.) See, also, *Shinkle v. State Highway Commission*, 202 Kan. 311, 448 P. 2d 12, where it was said:

". . . When the claimant served his employer and its attorney of record with the written demand by registered mail, the requirements of 44-512a, *supra*, for service of the demand were met." (l. c. 315.)

The plaintiff contends the district court erred in entering judgment against the commission in his 44-512a action in the sum of $1,903.30. He argues that, notwithstanding the commission's appeal to the district court on March 15, 1968, and its failure to file a bond as a self-insurer as required by K. S. A. 44-530 and 44-556, the entire amount of compensation awarded by the director of $16,361.40 became due and payable on July 15, 1968, by virtue of service of his statutory demand on June 25, 1968, and the commission's refusal or failure to pay all compensation due within twenty days thereafter, and that he was authorized by 44-512a to recover the specific amount matured thereby in a separate action in like manner as for the collection of a debt. The pertinent part of the statute reads:

"That if *any* compensation awarded . . . or any installment thereof *shall not be paid . . . when due, . . . then the entire amount . . . shall become immediately due and payable* and said employee . . . may maintain an action . . . for the collection thereof in like manner as for the collection of a debt." (Emphasis supplied.)

The district court did not have the benefit of our recent decision in *Casebeer v. Alliance Mutual Casualty Co.*, 203 Kan. 425, 454 P. 2d 511, to guide it in deciding the plaintiff's 44-512a action. What was said and held in *Casebeer* requires a reversal of this appeal with directions to enter judgment in favor of the plaintiff for the entire amount of compensation matured by his statutory demand and the commission's default on July 15, 1968, together with statutory interest thereafter, and for costs of the proceedings. (*Fleming v. National Cash Register Co.*, 188 Kan. 571, 363 P. 2d 432.) In *Casebeer* it was said:

". . . Section 44-512a was adopted by the Legislature in 1943, and this court has construed and applied its provisions in a whole series of cases. Without deviation, it has been held that if any compensation awarded shall not be paid when due, then, following service of the written demand provided for, continued nonpayment for twenty days thereafter accelerates the entire amount of compensation awarded, which immediately becomes amount of compensation awarded, which immediately becomes due and payable, and the person entitled thereto may maintain an action to recover the specific amount in like manner as for the collection of a debt. (Citations.)

"The statute is the declared public policy of the state that compensation awards shall be promptly paid, and is the means selected by the Legislature to insure their enforcement and applies to all awards or judgments without the

slightest qualification. (Citation.) Its terms become a part of the contract of employment and are binding upon the employer and workman alike. (Citation.) Its provisions are remedial in character and deprive the employer and his insurance carrier of no vested rights. (Citation.) They were intended to supplement existing remedies, and apply to a different state of facts from those embraced in the provisions of the Act prior to its adoption. (Citation.) They clearly give the workman the right to maintain, and a court the power to hear and determine the action (citation), and the burden of avoiding effects following service of a written demand is upon the employer and his insurance carrier, not the workman. (Citation.)"

It was also said:

"Under the remedy provided, the employer and his insurance carrier have the choice of protecting their vested rights by merely complying with the terms and requirements of the Director's award by which they are bound, and with the provisions of K. S. A. 44-556, during the pendency and determination of their appeal to the district court (citations), and they may appeal from any findings or order of the district court to this court on questions of law by merely complying with the terms of its judgment by which they are likewise bound, and with the provisions of 44-556, until the judgment is affirmed, reversed, or modified (citations), or permit the workman to invoke the remedy and proceed to collect all compensation matured by his written demand and their default. (Citations.) The statute may be rigorous, but it is possible to comply with its provisions. (Citation.)"

It was further said:

"It has always been held that the employer may appeal at will from the award of the Director (citations), and from the judgment of the district court on questions of law (citations), by complying with the provisions of the Act for the taking of appeals prescribed in detail in 44-556 which are complete and exclusive. (Citation.) But no provision is found in that section, or elsewhere in the Act, authorizing the staying of payment of compensation pending an appeal, or staying the enforcement of any remedy available to the workman, including the prosecution of a 44-512a action, where the compensation awarded is not paid. (Citation.) On the contrary, the language that compensation 'shall not be stayed' pending an appeal to either court imposes an affirmative duty to pay compensation. Hence, it may be said the statutory scheme of the 1961 amendment was to make the time within which to serve the statutory demand and the time for the employer to appeal to the district court coextensive, and to permit the employer to have his 'day in court' by securing judicial review of the validity of the Director's findings and award, but conditioning his right to review upon the continued payment of compensation pending such an appeal, which suspends all remedies of collection available to the workman until the award or judgment is set aside, modified, affirmed or reversed. (Citation.) In *Krueger v. Hoch*, supra, it was said:

" 'By the plain language of the statute the right of appeal to the supreme court is qualified by the requirement that compensation payable be not stayed. *In other words, continuance of payments is a prerequisite of the right to appeal*

*as well as a requirement pending appeal . . .'* (l. c. 321.) (Emphasis supplied.)"

Following its appeal to the district court, the commission had the choice of protecting its vested rights by merely complying with the terms and requirements of the director's award and with the mandatory requirements of 44-556 until the award was set aside, modified or affirmed by the judgment of the district court. The director's award of $16,361.40 was in full force and effect and was not superseded by the commission's purported appeal. By its failure to comply with the provisions of 44-556, or to pay compensation pursuant to 44-512a in accordance with the plaintiff's statutory demand, the plaintiff was entitled to recover the entire amount of compensation due and payable on July 15, 1968. The later review of the director's award by the district court did not change the amount of compensation due the plaintiff in accordance with 44-512a, or affect his right to maintain the action to recover the amount due. (*Scammahorn v. Gibraltar Savings & Loan Assn.,* supra; *Casebeer v. Alliance Mutual Casualty Co.,* supra.) Indeed, the continued payment of compensation was a prerequisite to the commission's right to appeal and it was subject to dismissal by the district court. (*Krueger v. Hoch,* 202 Kan. 319, 447 P. 2d 823.) Moreover, as hereafter stated, the failure to file a bond as a self-insurer (44-556) was jurisdictional to the perfection of the appeal.

It is contended that when the plaintiff filed his notice of appeal to this court from the judgment entered in the workmen's compensation case (Case No. 10,373), he acquiesced in the judgment rendered in his 44-512a action and thereby deprived himself of appellate review of the judgment rendered on September 24, 1968. In support of its novel theory, the commission relies upon *Neufeld v. Mid-Continent Casualty Co.,* 193 Kan. 131, 391 P. 2d 1009. The contention is untenable. The rule of acquiescence rests upon the recognition of the judgment as valid. The plaintiff yielded no obedience to the judgment rendered in the compensation case, and that appeal has been dismissed by this court as being moot. (*Griffith v. State Highway Commission,* [No. 45,579], supra, this day decided.) Likewise, his appeal from the judgment rendered in his 44-512a action on September 24, 1968, which was for the same amount as was awarded in the compensation case, clearly was not inconsistent with any purported claim he yielded obedience to either

judgment. This court has never held that the perfection of an appeal from a judgment constituted an acquiescence therein. See *Dexter v. Wilde Tool Co.*, 188 Kan. 816, 365 P. 2d 1092.

The claim is made that the commission, being an arm of the state and also being a self-insurer, was not required to file a bond to perfect its appeal to the district court as required by 44-556. The argument is not impressive. In *Redenbaugh v. State Department of Social Welfare*, 187 Kan. 320, 356 P. 2d 794, it was said that when a state commission or department elects to come under the provisions of the Workmen's Compensation Act, it places itself in the same position as other employers with respect to the application of 44-512a. In *Carter v. State Department of Social Welfare*, 184 Kan. 825, 339 P. 2d 5, it was said:

". . . the workmen's compensation act cannot be dissected into parts with a result that an employer can elect to be subject to the act but pick and choose which sections it will be subjected to by reason of its election. When the appellee elected to come within the law, it waived its immunity to each and every portion thereof and the trial court erred in concluding contrarily." (l. c. 829.)

Having elected to come under the provisions of the Workmen's Compensation Act, the commission, as a self-insurer, was required to comply with the provisions of 44-556 for the taking of an appeal to the district court, including the filing of a bond.

Other points have been raised by the commission, but we think it is unnecessary to discuss them at length. One is the appeal should be dismissed for failure to comply with Rule 8 (*a*) (*c*) and (*d*) of this court, and the failure of the plaintiff to file a statement of points as required by Rule 6 (*d*). An examination of the record indicates that the plaintiff made lengthy and adequate statements of points on appeal, and his brief was timely filed and served upon counsel for the commission within a reasonable time thereafter.

As admitted by the commission's answer and the stipulations of its counsel, it failed within the requisite period of twenty days from service of the plaintiff's written demand to make payment of all compensation then due and unpaid and thereby subjected itself to the provisions of 44-512a making the entire award immediately due. The district court committed error in failing to determine the action in accordance with the pleadings on file and counsel's stipulations, and its judgment is reversed with directions to calculate the amount of compensation due the plaintiff on July 15, 1968, and to

enter judgment accordingly, together with interest thereon at the statutory rate, and for costs of the proceeding.

It is so ordered.

PRICE, C. J., dissents.

SCHROEDER, J., dissenting: The ignominious decision of the court in *Tompkins v. Rinner Construction Co.*, 196 Kan. 244, 409 P. 2d 1001, has ultimately led to the absurd result illustrated in *Casebeer v. Alliance Mutual Casualty Co.*, 203 Kan. 425, 454 P. 2d 511, and extended by this court in its opinion herein by adhering to *Casebeer*. In my opinion the court has engrafted a social philosophy of its own on the workmen's compensation act which is entirely foreign to the purpose of the act. The purpose of the workmen's compensation act is to burden industry with *the economic loss to a workman, or his dependents*, resulting from accidental injury sustained by the workman arising out of and in the course of his employment. (*Hilyard v. Lohmann-Johnson Drilling Co.*, 168 Kan. 177, 180, 211 P. 2d 89; *Bender v. Salina Roofing Co.*, 179 Kan. 415, 418, 295 P. 2d 662; and *Thuillez v. Yellow Transit Freight Lines*, 187 Kan. 618, 622, 358 P. 2d 676.)

The dilemma created by *Tompkins* is that if the respondent pays the workmen's compensation awarded by the director it cannot be recovered should the decision awarding compensation later be reversed or should the compensation awarded later be reduced on appeal the overpayment cannot be recovered. (But see *Ratzlaff v. Friedeman Service Store*, 200 Kan. 430, 436 P. 2d 389, regarding a case under the modification statute, K. S. A. 44-528.) If the respondent fails to pay the director's award in accordance with the provisions of K. S. A. 44-556 on appeal, he is confronted with a demand pursuant to K. S. A. 44-512a and upon failure to pay compensation in accordance with its provisions to a lump sum judgment in an independent 512a action.

The effect is to rob the respondent of all or a large portion of the benefits of an appeal which the workmen's compensation act clearly authorizes the respondent to take. (K. S. A. 44-556.)

Two members of the court anxiously await legislative action to correct the *Tompkins* mistake. (See the concurring opinion of Mr. Justice Fontron in *Casebeer v. Allliance Mutual Casualty Co.*, supra.)

By holding in *Tompkins,* where the workman's injury was held not to have arisen out of and in the course of his employment, that provision had to be found in the workmen's compensation act to recover compensation already paid to the claimant, wherein the court wholly ignored the first section of the workmen's compensation act (See my dissenting opinion in *Tompkins*), the court is being confronted with one dilemma after another.

On the facts in this case the claimant was injured on November 15, 1962, but it was not until July 12, 1966, that a hearing was held before the examiner. Thereafter this case remained in the office of the workmen's compensation director until the 28th day of February, 1968. Inasmuch as the claimant was the movant, all this delay is attributable to the claimant and his attorney. Another fact to be noted is that the claimant did not file his claim for workmen's compensation until after his retirement from the state highway commission. On these facts it is apparent the respondent was lulled to sleep.

The award entered for the claimant by the workmen's compensation director was based upon 70% permanent partial disability, and by reason of his wages resulted in maximum weekly payments for 415 compensable weeks. On appeal to the district court it found the claimant sustained 10% permanent partial disability and reduced the award accordingly.

It was on the 15th day of March, 1968, that this respondent perfected its appeal to the district court; on the 25th day of June, 1968, the claimant made his 512a demand, and on the 15th day of July, 1968, payment by the respondent for all compensation due the claimant under the act was in default. Thereafter on the 7th day of August, 1968, the claimant filed his 512a action.

*One day prior to commencing the 512a action,* on the 6th day of August, 1968, *the district court heard the merits of the respondent's appeal from the director's award,* and thereafter on the 23rd day of August, 1968, made its findings of fact and conclusions of law, and entered judgment reducing the compensation award. *The claimant perfected his appeal from the judgment of the district court to the Supreme Court* on the 16th day of September, 1968, long prior to entry of judgment in the 512a action.

On the same day the district court entered its judgment awarding claimant compensation based upon 10% disability, the respondent filed its answer in the 512a action, and it was not until the 5th day

of September, 1968, that the claimant filed his motion for summary judgment against the respondent in the 512a action. On the 24th day of September, 1968, the district court heard the motion for summary judgment in the 512a action and entered judgment for the claimant for the total sum due based upon 10% disability, thereby giving the respondent the benefit of its appeal, but continuing to recognize the validity of the 512a action.

In *Casebeer v. Alliance Mutual Casualty Co.*, supra, the dissenting opinion of Mr. Justice Fromme, in which I joined, is incorporated herein. It sets forth the basic reasons for my dissent herein. In *Casebeer*, however, the claimant acquiesced in the judgment of the Supreme Court by accepting payment of all compensation due and payable in accordance with the terms of that judgment, in the opinion of the dissenters. In this respect the case here presented differs.

It is clear under the workmen's compensation act a claimant is not entitled to recover compensation twice for the same injury. If he recovers judgment in a 512a action, he cannot pursue an appeal from the director's award and recover again. On the other hand, if a claimant pursues his appeal from the director's award and accepts the benefits of such appeal, he should not be entitled then to press his 512a action. (See dissenting opinion in *Casebeer v. Alliance Mutual Casualty Co.*, supra.) At some point, therefore, the claimant should be required to make an election where rights have accrued to the claimant under K. S. A. 44-512a.

Here the district court heard the appeal from the director's award before the 512a action was filed. The district court entered judgment reducing the award based upon a 10% disability the same day the respondent answered in the 512a action.

Assuming the *Tompkins* case to be the law, as I must, a situation exists in which the judgment of the district court reducing the director's award had been entered prior to the judgment in the 512a action.

The issue in this case concerns the point at which the claimant is required to elect which remedy he will pursue. The question is not free from difficulty. For example, on the facts here the district court might have increased the award of the director by adding the $2,000 future medical expenses, by which amount the director reduced the examiner's award. Or assume, for example, the facts herein had been reversed—that the director had entered an award

based upon 10% disability while the district court on appeal therefrom had increased the award based upon 70% disability.

If the decision of the court herein is correct—that the "compensation judgment formed the basis of the plaintiff's action and was consumed by or implanted into" (*Casebeer v. Alliance Mutual Casualty Co.*, supra, p. 435) the 512a action—the claimant would be bound by the judgment in the 512a action based upon 10% disability. When a case of this nature reaches this court, the social philosophy of the court which has been engrafted upon the workmen's compensation act will meet the acid test.

In fact, under the court's decision employers are given the power to entrap injured workmen and bind them to a smaller award entered by the director, simply by refusing to pay compensation, thereby forcing the claimant to pursue his 512a action, assuming the court stays hitched.

In my opinion a workman under the workmen's compensation act should not be permitted to play the game of "Heads, I win; tails, you lose." At some point he should be required to make a binding election as to which remedy he seeks to pursue, preferably in writing. Here, however, the claimant made no oral or written election in either the 512a action or in the workmen's compensation proceeding. Of necessity, in this case the time at which the claimant bound himself to one or the other of his remedies must be determined by the actions he has taken.

In my opinion when the claimant here appealed the decision of the district court, reducing his award based upon a 10% disability, to the Supreme Court on the 16th day of September, 1968, prior to reducing his 512a action to judgment on the 24th day of September, 1968, he thereby elected to proceed in the workmen's compensation action, and abandoned his right to pursue the 512a action to judgment. In other words, he took action inconsistent with his pursuit of the 512a action, and his appeal in the workmen's compensation case to the Supreme Court had the effect of binding him to such election. By pursuing the appeal in the compensation case the claimant had the possibility, at least, of increasing his overall recovery to an award based on 70% disability plus the addition of $2,000 by which the director reduced the examiner's award in making allowance for future medical expenses.

It is to be noted the judgment entered in the 512a action by the district court was based upon a 10% disability of the claimant.

Here no reason exists why this court cannot determine the validity of the appeal from the district court in the workmen's compensation case based upon 10% disability. The correct amount of compensation determined by this court on such appeal is final.

It is respectfully submitted the judgment of the lower court should be reversed with directions to set aside the judgment entered in the 512a action.

FROMME, J., joins in the foregoing dissent.