No. 45,579

HENRY I. GRIFFITH, *Appellant*, v. STATE HIGHWAY COMMISSION OF KANSAS, *Appellee.*

(456 P. 2d 82)

Opinion filed June 14, 1969.

*William H. Stowell,* of Phillipsburg, argued the cause, and *Doris Dixon Stowell,* of Phillipsburg, was with him on the brief for the appellant.

*John A. McKinnon,* Assistant Attorney for the State Highway Commission, argued the cause, and *John H. Morse,* Assistant Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This was a workmen's compensation case. The workman has appealed from a judgment of the district court reducing the amount of the examiner's award as approved by the Workmen's Compensation Director from 70 per cent permanent partial general disability to 10 per cent.

It is now made to appear that the respondent, appellee here, failed to make any payment of compensation pending its appeal to the district court although the employee had made written demand for such payment as provided by K. S. A. 44-512a. An appeal to this court from a judgment of the district court in that controversy has been determined and an opinion filed. See *Griffith v. State Highway Commission,* 203 Kan. 672, 456 P. 2d 21.

In the above case we held:

"Where an employer is a self-insurer as defined in K. S. A. 44-532, and perfects an appeal to the district court from the award of the director of workmen's compensation and thereafter fails to comply with the requirements of K. S. A. 44-556, including the payment of compensation to the workman and the filing of a bond, the Legislature intended that the workman be authorized to serve a written demand under K. S. A. 44-512a, and maintain an action to recover the entire amount of compensation matured by the employer's default, and subsequent review by the district court of the amount of compensation awarded by the director's award may not be had, since service of the written demand and the employer's default supersede the director's award." (Syl. 5.)

The district court was directed to enter judgment for the employee for the entire amount of the award, in a lump sum, based on 70 per cent permanent partial general disability.

As appellant is to receive full payment of his original award found by the examiner and approved by the director, as requested in appeal No. 45,613, no further relief can be granted in the appeal now under consideration. The issue has become moot and the appeal should be dismissed.

This court will not review a case on its merits where a judgment of reversal would be wholly ineffectual. (*Andeel v. Woods*, 174 Kan. 556, 258 P. 2d 285; *Shirk v. Shirk*, 190 Kan. 14, 372 P. 2d 556.)

The appeal is dismissed.

APPROVED BY THE COURT.

PRICE, C. J., SCHROEDER and FROMME, JJ., dissenting.