No. 42,017

Lester Redenbaugh by Alta Redenbaugh, Administratrix of the Estate of Lester Redenbaugh, Deceased, *Appellee,* v. State Department of Social Welfare (Topeka State Hospital), *Appellant.*

(356 P. 2d 794)

Opinion filed November 12, 1960.

*J. A. Babicki,* of Topeka, argued the cause, and *John Anderson, Jr.,* Attorney General, and *Charles V. Hamm, William W. Dimmitt, Jr., Clinton C. Marker* and *Kenneth E. Wildman,* all of Topeka, were on the brief for the appellant.

*George E. McCullough,* of Topeka, argued the cause, and *William L. Parker, Jr.,* and *Robert B. Wareheim,* both of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This was an action under the provisions of G. S. 1949, 44-512a, seeking lump-sum payment of installments due under a workmen's compensation award. Judgment was rendered in favor of plaintiff and defendant has appealed.

The parties entered into a written stipulation of facts, the first paragraph of which states that they

". . . stipulate and agree that all statements of fact set forth in the petition are true and further stipulate the following facts to be true and consent that the court may make its judgment upon said stipulation of facts:"

We therefore summarize briefly from the petition and written stipulation.

Lester Redenbaugh, the workman, was an employee of the State Department of Social Welfare, hereafter referred to as defendant, at the Topeka State Hospital. On July 6 and August 7, 1956, he sustained accidental injuries arising out of and in the course of his employment. On February 20, 1957, the compensation commissioner made an award for temporary total disability for an

indefinite period not to exceed 415 weeks. Compensation then due was computed and ordered paid in one lump sum, and the balance was ordered to be paid at the rate of $32 per week or until the further order of the commissioner. It was further ordered that certain medical bills be paid, and that the expenses of recommended medical treatment, in all not to exceed the sum of $2,500, be borne by defendant. No appeal was taken from the award.

Some time thereafter defendant was served with notice under G. S. 1949, 44-512a, demanding all compensation then due and all future compensation when due, including certain mentioned medical bills. Apparently there had been some "confusion" with respect to the processing and payment of vouchers on the part of defendant state agency. This action was filed on April 15, 1957. In September, 1957, defendant was again served with notice under the mentioned statute with respect to a specific medical bill. The item in question had not been paid at the time of trial of this case. Again, in January, 1958, a further notice was served with respect to other medical bills which had not been paid. The stipulation contains a table showing dates of payment of various installments, some of which are shown clearly to have been in arrear.

In June, 1959, plaintiff workman died intestate. The cause of his death is not shown. The action was revived in the name of his widow as administratrix of his estate.

Following a trial of the action the court, on February 9, 1960, found that plaintiff was entitled to a judgment maturing all compensation under the award of the commissioner to one lump sum under the provisions of G. S. 1949, 44-512a, and entered a judgment accordingly.

This appeal followed.

Defendant raises nine questions in its brief. Some, in view of the facts, are either immaterial or academic and call for no discussion.

A point is made of the fact there necessarily was some "delay" in the processing and payment of vouchers by defendant—a state agency. On the other hand, by electing to come under the compensation act (G. S. 1959 Supp., 44-505) defendant placed itself in the same position as other employers (*Carter v. State Department of Social Welfare*, 184 Kan. 825, 339 P. 2d 5) with respect to the application of G. S. 1949, 44-512a.

It is contended that acceptance of payments under an award constitutes a good defense to an action brought under G. S. 1949, 44-512a. The answer depends upon what the facts show with respect to payments and when they were made, and, if delinquent within the language of the mentioned statute, acceptance of payments would not bar the action. ( *Miller v. Massman Construction Co.,* 171 Kan. 713, 721, 237 P. 2d 373; *Owen v. Ready Made Buildings, Inc.,* 180 Kan. 86, syl. 3, 303 P. 2d 168; *Owen v. Ready Made Buildings, Inc.,* 181 Kan. 659, 313 P. 2d 267, and *Bentley v. State Department of Social Welfare,* case No. 42,077, 187 Kan. 340, 356 P. 2d 791, this day decided.)

It also is contended that because the compensation act makes no provision for revivor there was no right of revivor in the workman's widow, as administratrix, following his death—the cause of which is not shown. While it is true the section (G. S. 1949, 44-512a) under which this action was brought is part of the compensation act, the section provides that such an action may be maintained in any court of competent jurisdiction in like manner as for the collection of a debt, and that the remedies of execution, attachment, garnishment, or any other remedy or procedure for the collection of a debt provided by the laws of the state, shall apply. Defendant has not established that under the facts shown it was error to revive the action following the plaintiff workman's death.

A number of other matters are argued in the brief but in our opinion require no discussion. It is clearly established that as to various installments and medical payments defendant was in arrear so as to bring about the application of the section in question. In many respects the record before us is quite "confusing," but the burden is upon defendant-appellant affirmatively to establish reversible error in the rendition of the judgment below. That burden has not been sustained and the judgment is therefore affirmed.