No. 42,077

MYRTLE BENTLEY, *Appellee,* v. STATE DEPARTMENT OF SOCIAL WELFARE, *Appellant.*

(356 P. 2d 791)

Opinion filed November 12, 1960.

*J. A. Babicki,* of Topeka, argued the cause, and *John Anderson, Jr.,* attorney general, and *Charles V. Hamm, William W. Dimmitt, Jr., Clinton C. Marker,* and *Kenneth E. Wildman,* all of Topeka, were with him on the briefs for the appellant.

*George E. McCullough,* of Topeka, argued the cause, and *William L. Parker, Jr.,* and *Robert B. Wareheim,* both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This was an action filed by appellee to recover a lump sum judgment under G. S. 1949, 44-512a based upon a workmen's compensation award which had not been paid when due. The trial court tried the case upon a stipulation of facts and entered judgment in the sum of $2,696.50 against the defendant-employer, who now appeals to this court. The amount of the judgment had been agreed upon in the stipulation.

We shall refer to the parties as plaintiff and defendant in the opinion, and it will not be necessary to set out a complete account of the stipulated facts. We shall simply note those facts necessary for an understanding of the defendant's objections to the judgment of the trial court.

The plaintiff was an employee of the Topeka State Hospital, an agency of the defendant, and suffered an injury under the workmen's compensation act on November 10, 1953. She was paid 150 weeks of compensation at the rate of $25.00 per week and medical treatment in the amount of $1,500 without the filing of a claim before the workmen's compensation commissioner. After that time, defendant apparently ceased to pay compensation, and plaintiff filed a claim before the commissioner, who on March 25, 1957, awarded plaintiff an award of temporary total disability for 415 weeks at the rate of $25.00 per week plus an additional $165.73 over and above the statutory maximum on a prorate of medical expense.

On March 30, 1957, plaintiff served upon the defendant and its attorney a registered letter under section 44-512a demanding payment of the compensation awarded to her by the commissioner and advising that she would bring action under the section of the statute for a lump sum payment of the award if those payments were not made within fourteen days as provided by the statute.

No payments were made upon the award within the fourteen days from the time of notice, but instead defendant appealed to the district court seeking a review of the commissioner's award on April 5, 1957. The district court, on June 13, 1958, affirmed the award of the commissioner. Defendant attempted to appeal the decision of the district court to this court, but the appeal was dismissed as being out of time.

In the meantime, on July 26, 1957, and after the appeal to the district court, plaintiff began the present action under section 44-512a. After the dismissal of the attempted appeal to the supreme

court, plaintiff filed two other demands for payment and also endeavored to obtain some payments for plaintiff. It is further shown that beginning with November 14, 1958, defendant paid to plaintiff under an agreement the amounts due to plaintiff under the award up to October, 1959. At that time, defendant refused to make any further payments because plaintiff refused to submit to medical examination pursuant to G. S. 1949, 44-518.

On March 22, 1960, the district court rendered the judgment which is now appealed from as shown above.

The defendant makes its strongest argument in this court upon the contention that to allow an action under section 44-512a while an appeal from an award of the workmen's compensation commissioner is pending limits the right of appeal. However, defendant fails to cite any authority to support such contention, and we have likewise been unable to find any in our own research of the question. The parties agree the workmen's compensation act is complete within itself. We know of no provision of the act which would limit the force and effect of an award by the commissioner until it was changed by him or modified or reversed upon appeal. In modern times, an award or judgment may usually be enforced pending an appeal, unless by statute the judgment be specifically held in abeyance by the filing of the appeal. (3 Am. Jur. Appeal & Error § 524; 4a C. J. S., Appeal & Error § 613.) As would appear from *Miller v. Massman Construction Co.*, 171 Kan. 713, at 717, 237 P. 2d 373, the judgment in the present action, if it were against a private employer, would be a proper judgment upon which to issue execution pending the appeal to this court unless a supersedeas bond were filed. Section 44-512a provides a mode chosen by the legislature for attempting to insure the prompt payment of compensation awards and applies to all awards without the slightest qualification.

Under the statute, the employer may appeal at will, but if served with the required notice under section 44-512a, he should pay the compensation to date or make some agreement and bond for the same. If compelled to make such payments, he could not be thought to prejudice his right of appeal.

The defendant next argues that the original award was only for a temporary total disability and not a permanent disability. It is argued that such an award is not a fit subject for a lump sum judgment. There would seem to be little merit in this argument under the provisions of section 44-512a which speaks of "any compensa-

tion awarded." (*Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 152 P. 2d 860; *Miller v. Massman Construction Co.,* 171 Kan. 713, 237 P. 2d 373; *Owen v. Ready Made Buildings, Inc.,* 180 Kan. 286, 303 P. 2d 168; *Owen v. Ready Made Buildings, Inc.,* 181 Kan. 659, 313 P. 2d 267; and *Carter v. State Department of Social Welfare,* 184 Kan. 825, 339 P. 2d 5.) Perhaps defendant was encouraged to argue this point by misinterpretation of the case of *Ross v. Lytle Co.,* 183 Kan. 825, 332 P. 2d 592. The Ross case is clearly not in point since it was not a case under section 44-512a, but was an application filed by the employee under G. S. 1959 Supp. 44-531.

The next objection to the judgment appealed from is that plaintiff had received certain money from defendant due on the award after the present action was filed. Defendant argues that by accepting part of the money due her, plaintiff has in some way barred her claim for the balance which she at all times was asserting. In *Miller v. Massman Construction Co.,* supra, at page 721, it was said:

"We see no inconsistency between attempting to collect the judgment of November 24, 1949, as affirmed by this court on July 10, 1950, and as later ratified by the district court on September 28, 1950, and the attempt by the instant action to have the entire amount of compensation declared immediately due and payable. Neither are we of the opinion that an attempt to collect amounts due on an existing, outstanding and valid judgment is an election of remedy that precludes resort to the relief asked under the statute last cited. The relief sought in each is consistent, and not inconsistent, with the other."

We can see no merit in defendant's contention. Likewise, since there was no application for a change of compensation pending at the time defendant requested plaintiff to submit to a physical examination, the refusal to have such physical examination did not warrant any stoppage of workmen's compensation payments (*Lenon v. Standard Oil Co.,* 134 Kan. 289, 5 P. 2d 853; and *Ellis v. Kroger Grocery Co.,* supra, p. 221).

All other matters argued in the briefs have been carefully considered, but require no comment. The judgment appealed from must be affirmed.

It is so ordered.