No. 42,578

GLEN A. HARRIS, *Appellee,* v. MOORE ASSOCIATES OF TOPEKA, INC., and ST. PAUL MERCURY INSURANCE COMPANY, *Appellants.*

(365 P. 2d 1085)

Opinion filed November 10, 1961.

*Eldon Sloan,* of Topeka, argued the cause, and *Floyd A. Sloan* and *James W. Sloan,* both of Topeka, were with him on the briefs for the appellants.

*Harold E. Doherty,* of Topeka, argued the cause, and *James E. Benfer,* of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This is an appeal from a lump sum judgment based upon a workmen's compensation award under G. S. 1949, 44-512a. The real point in the appeal is a contention that under that section of the workmen's compensation act the employee would not have a right to demand payment under his award of the commissioner until time for appeal had expired and the award had become final. That is, appellants frankly argue that this court was in error in deciding the recent case of *Bentley v. State Department of Social Welfare,* 187 Kan. 340, 356 P. 2d 791.

The facts of this case were stipulated in the trial court, and for the purposes of this opinion may be summarized as follows: Appellee was employed by appellant Moore Associates as a carpenter; as a result of an accident on November 13, 1959, the employee received a compensation award for temporary total disability on May 16, 1960. On May 19, 1960, the workman by registered mail demanded payment of his award as provided in section 44-512a. This letter was sent to both appellants and to their attorney and was received by the parties on May 23, 1960. On May 27, 1960, the present appellants appealed from the workmen's compensation award to the district court of Shawnee county. On June 15, 1960, appellants paid the workman the sum of $760 under the order of the workmen's compensation award and also began making weekly payments as therein provided. On June 24, appellants also paid to the workman's doctor the amount then due him as provided in the award. Thereafter, upon motion of the appellee, on October 7, 1960, the district court dismissed appellants' appeal from the workmen's compensation award on the theory that appellants had acquiesced in the award by making the above payments. (It should be noted that we express no opinion as to the correctness of this holding of the trial court.) On December 5, 1960, the present appellants attempted to appeal from the last action of the district court, but their appeal was found to have been out of time by this court and was dismissed.

The present action under section 44-512a was originally filed June 18, 1960, and after the above stipulation of facts, the trial court entered judgment for the entire workmen's compensation award in a lump sum and overruled appellants' motion for a new trial.

In appealing from this last judgment, appellants first cite *Cruse v. Chicago, R. I. & P. Rly. Co.,* 138 Kan. 117, 23 P. 2d 471, and quote the first paragraph of the syllabus of that case to the effect that the Workmen's Compensation Act provides an exclusive procedure and that there may not be borrowing from the civil code of procedure. This court still endeavors to enforce that rule (*Bushman Construction Co. v. Schumacher,* 187 Kan. 359, 356 P. 2d 869; *Fleming v. National Cash Register Co.,* 188 Kan. 571, 363 P. 2d 432). In fact, in the Bentley case, which appellants are questioning in this appeal, we find the following language:

". . . *The parties agree the workmen's compensation act is complete within itself.* We know of no provision of the act which would limit the force and effect of an award by the commissioner until it was changed by him or modified or reversed upon appeal. In modern times, an award or judgment may usually be enforced pending an appeal, unless by statute the judgment be specifically held in abeyance by the filing of the appeal. (3 Am. Jur. Appeal & Error § 524; 4a C. J. S. Appeal & Error § 613.) As would appear from *Miller v. Massman Construction Co.,* 171 Kan. 713, at 717, 237 P. 2d 373, the judgment in the present action, if it were against a private employer, would be a proper judgment upon which to issue execution pending the appeal to this court unless a supersedeas bond were filed. Section 44-512a provides a mode chosen by the legislature for attempting to insure the prompt payment of compensation awards and applies to all awards without the slightest qualification." (Emphasis supplied.) (p. 342.)

Appellants, we fear, misinterpret the latter part of the above quotation and understand that the court was borrowing from the civil code and failing to distinguish between an award and a judgment. They cite the case of *Resnar v. Wilbert & Schreeb Coal Co.,* 132 Kan. 806, 297 Pac. 429, to the effect that "an award is not precisely a judgment." They also refer to the cases of *Lenon v. Standard Oil Co.,* 134 Kan. 289, 5 P. 2d 853, and *Paul v. Skelly Oil Co.,* 134 Kan. 636, 7 P. 2d 73, in which this court held that on affirmance by the district court of an award, the decision became a judgment, and that execution could then be issued.

What the court really had in mind in the language quoted above, was that the compensation act and section 44-512a thereof has no provision staying proceedings during appeals; the general modern rule in all procedure is that a mere appeal does not stay proceedings, and that there was no reason to believe the provisions of section 44-512a should be stayed for an appeal under some theory of lack of jurisdiction such as prevailed at ancient common law when a writ of error had been obtained from the chancery.

Moreover, the Resnar, Lenon and Paul cases, *supra,* were all decided in 1931 and 1932. The legislature did not add section 44-512a to the compensation act until 1943 (L. 1943, ch. 189, § 1). It is entirely possible that the legislature decided that workmen needed stronger ways of enforcing workmen's compensation awards. We also note that in the Resnar case, *supra,* immediately following the part of the sentence quoted in appellants' brief, the court referred to R. S. (1923) 44-529. Under the old form of the statute the workmen could by the use of that section bring an action for 80% of the total award if he felt himself insecure. Thus the idea of suing for a lump sum award is not entirely new in workmen's compensation circles.

The decision in the Bentley case was not lightly made, the case of *Redenbaugh v. State Department of Social Welfare,* 187 Kan. 320, 356 P. 2d 794, being handed down on the same day, and further see *Mitchener v. Daniels,* 187 Kan. 765, 359 P. 2d 872, with special attention to the second paragraph of the syllabus and corresponding portion of the opinion. We would also refer to *Fleming v. National Cash Register Co.,* supra, and direct attention to the second paragraph of the syllabus and corresponding portion of the opinion as to the nature of an award under the compensation act.

While we are sorry to differ with appellants, we find no reason to extend the opinion. The judgment appealed from is affirmed.