No. 42,571

Lloyd L. Hughes, Jr., *Appellee*, v. Bituminous Casualty Corporation and Greenwood Petroleum Management, Inc., *Appellants*.

(368 P. 2d 13)

Opinion filed December 9, 1961.

*W. H. Coutts, III,* of El Dorado, argued the cause, and *W. H. Coutts, Jr.,* and *Walter J. Kennedy,* both of El Dorado, were with him on the briefs for the appellants.

*George Forbes,* of Eureka, argued the cause, and *Thomas C. Forbes* and *Harold G. Forbes,* both of Eureka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: This appeal is from a lump sum judgment under G. S. 1949, 44-512a of the workmen's compensation act.

The only real question in the case involves the matter of whether the appellants, who were respondents in the workmen's compensation proceeding, made an offer to pay the amount due within the two weeks after notice as provided in section 44-512a.

We note the facts quite briefly. The district court entered its decision affirming the order of the workmen's compensation commissioner on October 28, 1960, and granting appellee compensation of $7.02 per week for 415 weeks beginning September 17, 1958. The sum of $772.20 was due at the time judgment was rendered. No appeal was taken from that judgment, and demand under section 44-512a was made upon appellants as of November 1, 1960.

On November 14, 1960, appellant insurance carrier mailed a sufficient draft or check to its own attorneys in El Dorado. The evidence shows that the draft had been in the insurance company's office since November 3, 1960. The draft was received in El Dorado on November 15th and was forwarded by the carrier's counsel to counsel for the claimant in Eureka on November 16th and received by claimant's counsel November 17, 1960.

Counsel for claimant returned the draft to the insurance carrier upon the sole ground that payment had not been made in proper time under the provisions of section 44-512a.

Appellants argue that the mailing of the draft to their own counsel on November 14th was a sufficient payment. The argument is unmeritorious since the draft was still within the control of appellants. Moreover, the provisions of section 44-512a would indicate that the payment must be in the hands of the claimant or his representative within two weeks after the date of the demand. Attention may be directed to *Owen v. Ready Made Buildings, Inc.,* 180 Kan. 286, 303 P. 2d 168, and *Fleming v. National Cash Register Co.,* 188 Kan. 571, 576, 363 P. 2d 432.

Appellants argue three other questions rather weakly. We shall answer them shortly. First, after appellant's answer consisting only of a general denial and two specific denials, there was no reason for appellee to file a reply in this action. The trial court was correct in allowing interest on the lump sum judgment. (*Fleming v. National Cash Register Co.,* supra, p. 577.) And finally, the trial court under the facts in the record was justified in allowing appellee witness fees and mileage when he was subpoenaed as a witness for appellants.

The judgment appealed from is affirmed.