Manvil H. OLSON and Beaulah Olson,
Appellants,

v.

Mary Jane McRAE et al., Appellees.

No. 371.

Supreme Court of Alaska.

Feb. 5, 1964.

———————

Arthur D. Talbot, Anchorage, for appellants.

David H. Thorsness, Hughes, Thorsness & Lowe, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

In answer to special interrogatories, a jury found that appellants had dedicated for public use a right of way across their lands. Appellants contend that they were entitled to judgment because evidence of their intent to dedicate a right of way was insufficient to justify submitting the case to the jury.

In Hamerly v. Denton [1] we said that there is a dedication when the owner of an interest in land transfers to the public a privilege of use of such interest for a public purpose, and that the intention of the land owner to dedicate must be clearly and unequivocally manifested by acts that are decisive in character. Applying this rule to the facts of this case, we conclude that the question of whether there was a dedication was properly submitted to the jury for determination.

The facts show that in 1955 appellants and some of the appellees were homesteaders in an area northwest of Wasilla, Alaska near the Little Susitna River. By their joint efforts they constructed and maintained an access road to their homestead sites. A portion of this road crossed appellants' land. The road was used not only by the homesteaders but also by many other persons.

The road was relocated in 1957 by moving south and constructing a new road over appellants' land and the land of adjoining homesteaders to the west. The appellant, Manvil Olson, testified that he had built the new road by himself without help from anyone, and that he had obtained the permission of adjoining homesteaders to construct the road on their property. There was other testimony to the effect that some of appellants' neighbors had helped maintain the 1957 road, and that one of them had furnished the fuel for a bulldozer used by Olson in constructing the road. Olson testified that he constructed the new route for the purpose of obtaining better access to the western lands [2], to help out his neighbors and the whole area, and to enable him to close off the 1955 road which crossed his land so that he could put in a field.

1. 359 P.2d 121, 125 (Alaska 1961).

2. The homesteads of appellees are situated west of appellants' homestead.

A homesteader who moved into the area in 1957 asked Olson about paying for a share of the cost of the road, and was told by Olson that nothing was owing since the road was already there when the homesteader moved in. There was evidence showing that from the time the new route was open for travel in 1957 until Olson closed it off in 1959 it was used by all the homesteaders, by their visitors and friends, and by hunters. In the words of one witness, "everybody was using it." Appellants testified that in May and June of 1956 they had posted three signs indicating that the portion of the road crossing their land was private and that no trespassing was allowed. Their testimony was corroborated by witnesses who said that they had observed the signs. On the other hand, two of the appellees who were homesteading the area testified that they did not recall seeing any signs restricting the use of the road.

We are not to determine whether in our own minds the foregoing facts clearly and unequivocally establish a dedication to public use of that portion of the road crossing appellants' land. But we believe a jury would be justified in reaching that conclusion. Evidence that the 1955 route was built and maintained by the joint effort of all of the homesteaders in the area who had use for the road, that it was used by them and the public in general without interference by appellants, and that it was necessary to gain access to lands being settled on and developed by homesteaders, would tend to show dedication by appellants of a right of way to the public for a road across their land. Olson's statement to a 1957 homesteader that nothing was owing for construction costs, since the road was already there when the homesteader moved into the area, could be considered by the jury as a recognition by Olson of the public's right to use the road. Of particular significance to a jury would be the evidence of Olson's actions in 1957 in relocating the road, not only across his own homestead but also across the homesteads of his neighbors; together with his statement that he had built the new road to help the whole area and to gain better access to the western lands. To reasonable minds such conduct on Olson's part could be convincing proof that he thereby recognized that the public had a right of way across his property in order to gain access to lands lying west of his homestead.[3] Olson's conduct and declarations could be viewed by a jury as evidence establishing the existence of a public road which would strongly prevail over any evidence tending to show the existence of a private road, such as the testimony regarding the posting of no trespassing and private property signs.

■■ The jury was instructed that the intention of a land owner to make a dedication must be clearly and unequivocally manifested by acts that are decisive in character. The evidence was such that under this instruction fair-minded men in the exercise of reasonable judgment could entertain differing views as to whether there had been a dedication of a right of way across appellants' land. Therefore a jury question was presented.[4] The court did not err in failing to grant appellants' motions for a directed verdict and for judgment notwithstanding the verdict.

Appellants also contend that the verdict was contrary to the weight of the evidence, and therefore that the court erred in failing to grant their motion to set aside the verdict and grant a new trial. From what we have said above, it is clear that there was an evidentiary basis for the jury's decision. The trial court did not abuse its discretion in refusing a new trial.[5]

3. Daugherty v. Sowers, 243 Minn. 542, 68 N.W.2d 866, 868–869 (1955).

4. Snipes v. March, Opinion No. 132, 378 P.2d 827, 828 (Alaska 1963).

5. Ahlstrom v. Cummings, Opinion No. 183, 388 P.2d 261 (Alaska 1964).

Appellants specify as error the trial judge's action in disregarding a part of the jury's verdict. In response to special interrogatories the jury found that appellants had made a dedication of the roadway constructed in 1957. In addition, the jury found that appellants had also made a dedication of the roadway constructed in 1955. The trial judge entered judgment only as to the 1957 roadway, and refused to enter judgment as to the roadway constructed in 1955.

Our conclusion that the case was properly submitted to the jury and that there was no abuse of discretion in failing to set aside the verdict and grant a new trial disposes of appellants' argument that the judge's action in disregarding a part of the verdict emphasized the weakness of the entire verdict. Appellants do not argue the point further, and therefore we shall not rule upon it.[6]

The judgment is affirmed.

6. Veal v. Newlin, Inc., 367 P.2d 155 (Alaska 1961) ; Parks v. Brown, 368 P.2d 220 (Alaska 1962) ; Pollastrine v. Severance, 375 P.2d 528, 531 (Alaska 1962) ; City of Fairbanks v. Schaible, 375 P.2d 201, 211 (Alaska 1962) ; DeArmond v. Alaska State Development Corp., 376 P.2d 717, 725 (Alaska 1962) ; McIntyre v. State, 379 P.2d 615, 617–618 (Alaska 1963) ; Gregory v. Padilla, 379 P.2d 951, 954–955 (Alaska 1963).