No. 44,538

Theodore Cramer, *Appellant*, v. Blankenship Painting and Decorating Co., and Aetna Casualty & Surety Company, *Appellees*.

(416 P. 2d 255)

Opinion filed July 14, 1966.

C. *Bruce Works*, of Topeka, argued the cause and was on the brief for appellant.

*Roscoe E. Long*, of Topeka, argued the cause and *O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr., William G. Haynes, Peter F. Caldwell, R. Austin Nothern*, and *Brock R. Snyder*, all of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

Price, C. J.: This is a workmen's compensation case.

Claimant filed an action under the provisions of K. S. A. 44-512a, for recovery of a lump sum judgment. Defendants filed a motion for summary judgment (K. S. A. 60-256) on the ground the pleadings and exhibits showed that they were entitled to judgment as a matter of law. The motion was sustained. Claimant has appealed.

The background of the matter is this:

On April 27, 1964, claimant sustained an accidental injury.

A hearing was held by the workmen's compensation examiner on July 1, 1964.

On July 8, the examiner made an award allowing compensation. On July 9 the examiner entered an order *nunc pro tunc* making a correction in the name of the employer. This order is immaterial for our purposes.

On July 10 claimant made a written demand on defendant in-

surance carrier under K. S. A. 44-512a for payment of the award of July 8, as amended by the order of July 9.

On July 18 the workmen's compensation director approved the examiner's award of July 8.

On July 28 defendant insurance carrier commenced payments of compensation due to claimant under the award of July 8.

This action under K. S. A. 44-512a to recover a lump sum judgment was filed on March 24, 1965, it being alleged that certain medical bills were not paid within twenty days following the demand of July 10.

As previously stated, defendants filed a motion for summary judgment, their contention being that under K. S. A. 44-551, which provides that an award made by the examiner shall be subject to review and approval by the director upon written request of any interested party within ten days and if no request is made then the director shall approve such award of the examiner—the demand here was made prior to the time the award became final and, therefore, could not form the basis of an action brought under K. S. A. 44-512a. In other words, defendants' contention was, and is, that an award of an examiner is not enforceable under K. S. A. 44-512a during the ten-day period when review by the director may be requested by either party.

Claimant's contention, on the other hand, was, and is, that by virtue of K. S. A. 44-549, which provides that an award of the examiner when filed in the office of the director shall be deemed to be the award of the director—the award of the examiner of July 8 was an enforceable award even during the ten-day period during which a request for review by the director could have been made—and therefore the demand of July 10 was a basis for the lump sum action subsequently brought under K. S. A. 44-512a.

In sustaining defendants' motion for summary judgment the court ruled as a matter of law that an award of a workmen's compensation examiner is not enforceable under the provisions of K. S. A. 44-512a until a decision by the director is made either on a request for review timely made by an interested party, or until the expiration of the ten-day period during which a review by the director may be requested, citing *Harper v. Coffey Grain Co.,* 192 Kan. 462, 388 P. 2d 607.

In the *Harper* case it was held:

"Provisions of G. S. 1961 Supp., 44-551, set forth in the opinion are construed to mean that an award of the examiner in a workmen's compensation

case does not become the final award of the director until the expiration of ten days after it is filed, or until a request for review, filed within the ten-day period by an interested party, is determined by the director." (syl. 3.)

In the opinion, referring to what is now K. S. A. 44-512a, it was said:

"Until a workmen's compensation award becomes the final award of the workmen's compensation commissioner (now director), it is not due the claimant. Thus, before a claimant may invoke the provisions of the foregoing statute as construed by this court, the compensation awarded must be the final award of the director." (p. 466.)

Also, as to the apparent conflict between K. S. A. 44-549 (relied on by claimant) and K. S. A. 44-551, see syl. 5, and pages 468 and 469 of the opinion.

In the case before us, on July 10, when claimant's demand was made, the examiner's award of July 8 had not become the final award of the director, and therefore claimant could not invoke the provisions of K. S. A. 44-512a. Defendants' motion for summary judgment was properly sustained and the judgment is affirmed.