No. 45,338

Charles H. Casebeer, *Plaintiff-Appellant,* v. Alliance Mutual Casualty Company, *Defendant-Appellee.*

(454 P. 2d 511)

filed May 17, 1969. Opinion

*Jack O. Bowker,* of McPherson, argued the cause and was on the brief for plaintiff-appellant.

*Evart Mills,* of McPherson, argued the cause, and *Michael T. Mills* and *William S. Mills,* of McPherson, were with him on the brief for defendant-appellee.

The opinion of the court was delivered by

Fatzer, J.: This was an action by Charles H. Casebeer to recover the entire amount of compensation awarded to him by the judgment of the McPherson district court on March 24, 1967, by reason of the failure of his employer's insurance carrier to pay all compensation due within twenty days after demand on May 13, 1967, as provided in K. S. A. 44-512a. The appeal arises out of the following:

On April 12, 1965, Charles H. Casebeer, hereafter referred to as the plaintiff, sustained an accidental injury in the course of his employment. On August 5, 1965, he commenced a proceeding before the Workmen's Compensation Director to recover compensation from his employer-brother, J. W. Casebeer, d/b/a Casebeer Oil Operations, and his insurance carrier, Alliance Mutual Casualty Company, hereafter referred to as Alliance. The application was heard by a workmen's compensation examiner, and on May 9, 1966, an award of compensation was made in favor of the plaintiff and against the employer and Alliance for 22 weeks of temporary total disability at the rate of $42 per week totaling in the sum of $924 which was ordered paid in one lump sum, and fifteen percent permanent partial general disability for 393 weeks at the rate of $7.18 per week, together with various medical expenses.

Thereafter, the plaintiff made timely written request to the Director of Workmen's Compensation to review the award pursuant to K. S. A. 44-551. Upon review, and on July 16, 1966, the Director modified the award by increasing the weekly compensation to $12.93 per week. Based upon his findings, the Director awarded compensation for 22 weeks of temporary total disability at the rate of $42 per week, or the sum of $924, and 393 weeks of permanent partial disability at the rate of $12.93 per week based upon a fifteen percent disability to the body as a whole. The Director found that as of July 17, 1966, there was due and owing the plaintiff for temporary total disability the sum of $924 plus 45 weeks of permanent partial disability at the rate of $12.93 per week in the amount of $581.85, or a total sum of $1,503.93, all of which was ordered paid in a lump sum less any amount previously paid by the employer and Alliance. The remaining 348 weeks were ordered paid at the rate of $12.93 per week until fully paid or until the further order of the Director. In addition, the Director ordered the payment of the plaintiff's medical expenses in the amount of $2,988.08, which amount was not in dispute if the plaintiff was entitled to compensation.

The employer and Alliance timely perfected an appeal from the award of the Director to the McPherson district court, case No. 13,813, and Alliance made weekly payments to the plaintiff of $12.93 per week pursuant to K. S. A. 44-556, for a total of $308.20, during the pendency of the appeal.

On March 24, 1967, the appeal was heard and the district court made no separate findings of its own, but adopted the Director's findings and award in all respects, and entered judgment in favor of the plaintiff accordingly.

On the same day, March 24, 1967, the employer and Alliance filed notice of appeal to the supreme court, appealing from the district's court's judgment in favor of the plaintiff. *However, they failed to comply with the provisions of 44-556 by paying compensation awarded by the district court and no compensation, including medical expenses, was paid during the pendency of the appeal.*

On the following day, March 25, the plaintiff served upon Alliance his statutory demand pursuant to 44-512a for all compensation then due and unpaid.

Three days later, March 28, 1967, the plaintiff served notice of his cross-appeal upon the employer and Alliance that he was cross-

appealing from the order overruling his motion to dismiss their appeal from the award of the Director to the district court, and for failure of the district court to increase the amount of compensation to be awarded him in accordance with the evidence.

The employer and Alliance failed to pay compensation within twenty days in accordance with the plaintiff's written demand of March 25, or as required by 44-556, and on May 13, 1967, the plaintiff served a second statutory demand upon Alliance pursuant to 44-512a for all compensation then due and unpaid, and demanded payment within twenty days of the entire amount awarded by the judgment of the district court, and for failure to pay the same, an action would be commenced for the collection of the entire amount awarded by said judgment in like manner as for the collection of a debt.

On August 2, 1967, the employer and Alliance having again refused to comply with the plaintiff's written demand, he commenced this 44-512a action against Alliance in the district court, case No. 13,976. His petition sought recovery of the entire amount of compensation awarded by the judgment of the district court, including temporary total disability and permanent partial disability in the amount of $6,005.49, and medical expenses in the sum of $2,988.08. Paragraph 5 of the plaintiff's petition alleged that Alliance, as the employer's insurance carrier, had assumed all obligations of the employer under the Workmen's Compensation Act and that the action was brought by reason of the unjust refusal of Alliance to pay the compensation awarded, and sought recovery of attorney's fee under K. S. A. 40-256 in the amount of $2,799.59. The prayer was that the plaintiff recover judgment against Alliance in the amount of $5,410.71, together with medical expenses in the amount of $2,988.08, and for attorney's fee in the sum of $2,799.59, or a total amount of $11,198.39, for costs of the action, and for such other relief as just and proper.

On September 13, 1967, Alliance filed its answer to the plaintiff's petition and admitted that on March 24, 1967, the district court entered an award of workmen's compensation in favor of the plaintiff; that plaintiff had made proper demand upon it for payment of the same under 44-512a; that no weekly compensation had been paid subsequent to March 24, 1967, and that none of the medical expenses had been paid. Alliance alleged the award of compensation had been appealed to the supreme court, and that the appeal

was set for hearing on October 3, 1967. Alliance denied all other allegations not specifically admitted.

On a date not disclosed by the record, but following the filing of Alliance's answer, the plaintiff filed a motion for summary judgment on the grounds that the answer stated no defense to the plaintiff's cause of action, and that there was no genuine issue as to any material fact existing between the parties.

On October 6, 1967, a pretrial conference was had. Upon consideration of the arguments and stipulations of counsel, the pleadings, affidavits, depositions, and interrogatories submitted, the court made the following order.

"1. The parties have agreed to be bound by the following stipulations:

"A. It is stipulated that on March 24, 1967, the District Court entered judgment against the defendant in Case No. 13,813, and that this case should be considered as evidence in the present case.

"B. It is stipulated that the defendant has made no weekly compensation payments subsequent to March 24, 1967, and that none of the medical expenses due in Case No. 13,813 have been paid.

"C. The defendant stipulates that written demand was made upon the defendant for payment of weekly compensation and medical expenses pursuant to K. S. A. 44-512a.

"D. It is stipulated by the parties that Case No. 13,813 has been appealed to the Supreme Court, and that argument on said appeal has been heard.

"2. The remaining issues of fact to be determined are as follows:

"A. The total amount of compensation and medical payments due under Case No. 13,813 in the District Court of McPherson County, Kansas.

"3. The remaining question of law to be decided is as follows:

"A. *Whether by reason of K. S. A. 44-512a and K. S. A. 44-556 the total amount of the judgment in Case No. 13,813 is due from the defendant to the plaintiff in the present case, which is Case No. 13,976, whether or not Case No. 13,813 is reversed.*

"4. In addition to the foregoing, the Court made the following orders:

"A. Plaintiff was allowed to amend his petition by striking Paragraph 5 of said petition, and by eliminating the figure of $2,799.59 from the fourth line of the prayer of said petition, and by amending the figure of $11,189.39 on the fifth line of the prayer of the petition to $8,398.79.

"The Court further allowed the plaintiff to amend the figure shown in the last line of the first paragraph of his motion for summary judgment from $9,399.80 to $8,399.80.

"It is by the Court further ordered that further pretrial of this matter be continued to November 17, 1967." (Emphasis supplied.)

On October 30, 1967, and in accordance with paragraph 4 A of the court's pretrial order, the plaintiff filed his amended petition and eliminated paragraph 5 thereof relating to the recovery of attorney's fee (see *Walker v. Davis Van & Storage Co.*, 198 Kan.

452, 424 P. 2d 473), and amended his prayer accordingly, so that the amount for which recovery was sought was equal to and in accord with the amount of the district court's judgment in case No. 13,813.

In the meantime, the employer and Alliance's appeal was docketed in this court as case No. 45,053, and was heard at the October 1967 Session. At no time during the pendency of the appeal, or during the oral argument, was this court advised by counsel for either party of Alliance's failure to comply with the provisions of 44-556 during the pendency of the appeal by regularly paying the compensation awarded by the district court, or that the plaintiff's 44-512a action had been filed in the district court and that Alliance's answer alleged no defense; or that the plaintiff had filed a motion for summary judgment, or that a pretrial order had been entered authorizing the plaintiff to file an amended petition. In all those matters, this court was kept completely in the dark. Be that as it may, this court's opinion was filed on Saturday, November 13, 1967, and is reported as *Casebeer v. Casebeer,* 199 Kan. 806, 433 P. 2d 399. The opinion affirmed the judgment of the district court but modified it with directions to enter judgment for compensation due the plaintiff on the basis of an average weekly wage of $69.29, which would yield a weekly compensation rate of $6.23 per week. On December 6, 1967, the mandate was forwarded to the clerk of the district court.

As indicated, the district court continued further pretrial conference in the action until Tuesday, November 17, 1967. However, upon receipt of a copy of this court's opinion, and on Monday, November 16, 1967, Alliance mailed to the plaintiff eight drafts which he received on November 17, in payment of $2,988.08 for medical expenses, and $2,737.16 for compensation which he concedes was equivalent to the amount of compensation due by reason of this court's modification of the judgment entered by the district court, less $308.20 paid by Alliance during the pendency of the appeal to the district court. No interest was allowed from the date of Alliance's default following the plaintiff's statutory demand on May 13, 1967.

Subsequently, the plaintiff pressed for hearing on his motion for summary judgment which was heard December 29, 1967. The district court concluded the plaintiff's average weekly wage of $69.29, as fixed by this court's decision, was controlling in both the

workmen's compensation case and the plaintiff's 44-512a action, and said amount having been paid, the plaintiff's action was dismissed on February 9, 1968. This appeal followed.

The plaintiff contends that 44-512a creates a new and distinct cause of action in favor of the workman; that where there is a failure to pay compensation within twenty days after receipt of a statutory demand, the entire amount of compensation awarded is accelerated and immediately becomes due and payable for the specific amount, which is recoverable in a separate action in like manner as for the collection of a debt; that where such an action is commenced and the defendant's answer alleges no legal defense, it is immaterial whether the award or judgment could be modified on appeal (44-556), or on review and modification (44-528), and a subsequent decision in either procedure does not affect the amount matured by the demand and default of the person liable.

Alliance takes the position that it can with impunity refuse to pay compensation after the statutory demand matured, proceed with its appeal in this court in complete disregard of the provisions of 44-556, take advantage of any possible reduction on appeal of the amount of compensation awarded, and in turn, use such amount to reduce the compensation the workman may recover in his previously commenced 44-512a action. It further argues that rather than pay the compensation matured by the statutory demand, it elected to let the plaintiff "pursue his various remedies of collection and hope that no money was collected until this Court decided that appeal"; that it expected the plaintiff to enforce the district court's judgment by the issuance of execution, which procedure, it states, was approved in *Lenon v. Standard Oil Co.,* 134 Kan. 289, 5 P. 2d 853; but, instead, the plaintiff chose to pursue his statutory remedy and commenced his separate 44-512a action, "which was wholly unnecessary because he already had a District Court judgment," and that thereafter, and on November 16, 1967, Alliance paid the plaintiff the entire amount awarded by this court. Alliance states it does not dispute "that the demand made under K. S. A. 44-512a accelerated and made immediately payable all future installments." In considering the contention, it should be noted there was no stipulation of counsel in the pretrial order that pending the appeal in case No. 45,053, no compensation would be paid.

We are of the opinion the district court erred in dismissing the plaintiff's action. Section 44-512a was adopted by the Legislature

in 1943, and this court has construed and applied its provisions in a whole series of cases. Without deviation, it has been held that if any compensation awarded shall not be paid when due, then, following service of the written demand provided for, continued nonpayment for twenty days thereafter accelerates the entire amount of compensation awarded, which immediately becomes due and payable, and the person entitled thereto may maintain an action to recover the specific amount in like manner as for the collection of a debt. (*Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 152 P. 2d 860, 155 A. L. R. 546; *Miller v. Massmann Construction Co.*, 171 Kan. 713, 237 P. 2d 373; *Owen v. Ready Made Buildings, Inc.*, 180 Kan. 286, 303 P. 2d 168; *Owen v. Ready Made Buildings, Inc.*, 181 Kan. 659, 313 P. 2d 267; *Redenbaugh v. State Department of Social Welfare*, 187 Kan. 320, 356 P. 2d 279; *Fleming v. National Cash Register Co.*, 188 Kan. 571, 576, 363 P. 2d 432; *Bentley v. State Department of Social Welfare*, 187 Kan. 340, 356 P. 2d 791; *Harris v. Moore Associates of Topeka*, 188 Kan. 822, 365 P. 2d 1085; *Teague v. George*, 188 Kan. 809, 365 P. 2d 1087; *Hughes v. Bituminous Casualty Corporation*, 189 Kan. 92, 368 P. 2d 13.)

The statute is the declared public policy of the state that compensation awards shall be promptly paid, and is the means selected by the Legislature to insure their enforcement and applies to all awards or judgments without the slightest qualification. (*Miller v. Massman Construction Co.*, supra, p. 717.) Its terms become a part of the contract of employment and are binding upon the employer and workman alike. (*Carter v. State Department of Social Welfare*, 184 Kan. 825, 828, 339 P. 2d 5.) Its provisions are remedial in character and deprive the employer and his insurance carrier of no vested rights. (*Ellis v. Kroger Grocery Co.*, supra, p. 218.) They were intended to supplement existing remedies, and apply to a different state of facts from those embraced in the provisions of the Act prior to its adoption. (*Teague v. George*, supra, p. 815.) They clearly give the workman the right to maintain, and a court the power to hear and determine the action (*Babcock v. Dose*, 179 Kan. 298, 302, 293 P. 2d 1007), and the burden of avoiding effects following service of a written demand is upon the employer and his insurance carrier, not the workman. (*Owen v. Ready Made Buildings, Inc.*, supra [p. 664].)

Under the remedy provided, the employer and his insurance carrier have the choice of protecting their vested rights by merely

complying with the terms and requirements of the Director's award by which they are bound, and with the provisions of K. S. A. 44-556, during the pendency and determination of their appeal to the district court (*Teague v. George*, supra; *Cramer v. Blankenship Painting & Decorating Co.*, 197 Kan. 360, 416 P. 2d 255; *Scammahorn v. Gibraltar Savings & Loan Assn.*, 197 Kan. 410, 416 P. 2d 771), and they may appeal from any findings or order of the district court to this court on questions of law by merely complying with the terms of its judgment by which they are likewise bound, and with the provisions of 44-556, until the judgment is affirmed, reversed, or modified (*Carter v. State Department of Social Welfare*, supra, p. 828; *Teague v. George*, supra; *Tompkins v. Rinner Construction Co.*, 196 Kan. 244, 409 P. 2d 1001), or permit the workman to invoke the remedy and proceed to collect all compensation matured by his written demand and their default. (*Ellis v. Kroger Grocery Co.*, supra, p. 218; *Miller v. Massmann Construction Co.*, supra, p. 722; *Carter v. State Department of Social Welfare*, supra, p. 828; *Owen v. Ready Made Buildings, Inc.*, supra, pp. 389, 390; *Teague v. George*, supra, p. 815; *Hughes v. Bituminous Casualty Corporation*, supra, p. 93; *Fleming v. National Cash Register Co.*, supra, p. 576.) The statute may be rigorous, but it is possible to comply with its provisions. (*Miller v. Massman Construction Co.*, supra, p. 342.)

Prior to its amendment in 1961, 44-556 contained no provision requiring the employer and his insurance carrier to pay compensation pending an appeal to the district court, or to this court on questions of law. In *Teague v. George*, supra, which perhaps gave rise to the amendment, it was held that failure of the employer to pay compensation pending his appeal to the district court, following service of a written demand, permitted the workman to collect the specific amount matured in a separate 44-512a action, notwithstanding the employer's appeal remained undetermined in the district court. As amended, the pertinent portion of 44-556 reads:

". . . That the perfection of an appeal to the district court shall not stay the payment of compensation due for the ten-week period next preceding the director's decision, and for the period of time after the director's decision and prior to the decision of the district court in such appeal: *Provided further,* That any party to the proceedings may appeal from any findings or order of the district court to the supreme court on questions of law: *Provided, however,* The compensation payable under the decision of the district court shall not be stayed pending such appeal to the supreme court."

It has always been held that the employer may appeal at will from the award of the Director (*Bentley v. State Department of Social Welfare*, supra; *Harris v. Moore Associates of Topeka*, supra; *Teague v. George*, supra), and from the judgment of the district court on questions of law (*Mitchener v. Daniels*, 187 Kan. 765, 359 P. 2d 872, *Dexter v. Wilde Tool Co.*, 188 Kan. 816, 821, 365 P. 2d 1092; *Magers v. Martin Marietta Corporation*, 193 Kan. 137, 392 P. 2d 148), by complying with the provisions of the Act for the taking of appeals prescribed in detail in 44-556 which are complete and exclusive. (*Krueger v. Hoch*, 202 Kan. 319, 447 P. 2d 823.) But no provision is found in that section, or elsewhere in the Act, authorizing the staying of payment of compensation pending an appeal, or staying the enforcement of any remedy available to the workman, including the prosecution of a 44-512a action, w h e r e the compensation awarded is not paid. (*Teague v. George*, supra.) On the contrary, the language that compensation "shall not be stayed" pending an appeal to either court imposes an affirmative duty to pay compensation. Hence, it may be said the statutory scheme of the 1961 amendment was to make the time within which to serve the statutory demand and the time for the employer to appeal to the district court coextensive, and to permit the employer to have his "day in court" by securing judicial review of the validity of the Director's findings and award, but conditioning his right to review upon the continued payment of compensation pending such an appeal, which suspends all remedies of collection available to the workman until the award or judgment is set aside, modified, affirmed or reversed. (*Scammahorn v. Gibraltar Savings & Loan Assn.*, 195 Kan. 220, 404 P. 2d 165.) In *Krueger v. Hoch*, supra, it was said:

"By the plain language of the statute the right of appeal to the supreme court is qualified by the requirement that compensation payable be not stayed. *In other words, continuance of payments is a prerequisite of the right to appeal as well as a requirement pending appeal. . .*" (l. c. 321.) (Emphasis supplied.)

The foregoing conclusion complements and confirms our holding in *Tompkins v. Rinner Construction Co.*, 194 Kan. 278, 389 P. 2d 578, where compensation was continuously paid pending the appeals, and in *Tompkins v. Rinner Construction Co.*, 196 Kan. 244, 409 P. 2d 1001, to the effect the Act contains no provision for restitution or the right to recover back such payments of compensation. Other decisions involving the point are in accord. In *Scam-*

*mahorn v. Gibraltar Savings & Loan Assn,* 195 Kan. 273, 404 P. 2d 170, it was contended the respondent's payments and tender of compensation pursuant to the statute constituted an acquiescence in the Director's award. It was said they did not, but were "merely a compliance with the procedure outlined by the statute where appeal is taken." (p. 277.) The cases of *Teague v. George,* supra; *Dexter v. Wilde Tool Co.,* supra, and *Harris v. Moore Associates of Topeka,* supra, were decided after the 1961 amendment became effective, but the appeals were perfected prior to its effective date and the statute was not applied. In *Magers v. Martin Marietta Corporation,* supra, the statute was considered and it was said an appeal to the supreme court is taken and perfected by the filing of a written notice of appeal with the clerk of the district court within the time prescribed, and proof of service upon the appellee and his counsel was unnecessary. In *Scammahorn v. Gibraltar Savings & Loan Assn.,* 197 Kan. 410, 416 P. 2d 771, the claimant-appellee moved to dismiss the appeal to the district court for refusal to pay ten weeks compensation preceding the Director's award. The district court overruled the motion and affirmed the award on the merits. The employer appealed to this court, but the claimant failed to cross-appeal from the denial of his motion to dismiss. It was held that "the propriety of the district court's action in denying claimant's motion to dismiss cannot be considered by this court in the absence of a cross-appeal from that ruling." (p. 412.) (See Syl. ¶ 2.) See, also, *Cramer v. Blankenship Painting & Decorating Co.,* 197 Kan. 360, 416 P. 2d 255, and *Hunter v. General Motors Corporation,* 202 Kan. 166, 446 P. 2d 838.

Alliance attempts to justify its failure to comply with 44-556 pending its appeal to this court on the ground that if the appeal were sustained and the case reversed, it could not have restitution or "recover back" the amount of compensation paid the plaintiff as directed by the judgment of the district court. The point is well taken. (*Tompkins v. Rinner Construction Co.,* 196 Kan. 244, 409 P. 2d 1001.) But the law of this state does not permit Alliance to make its own private adjudication in that respect, and its excuse is unavailable. It may not on the one hand violate the statute and obtain appellate review, and on the other hand be immune to legislative remedies made available to the workman and pursued by him upon its default pending its appeal.

As indicated, this court was kept completely in the dark concern-

ing Alliance's willful disregard of 44-556 pending its appeal, and of proceedings in the plaintiff's 44-512a action in the court below. Had we been so advised, this court would have dismissed the appeal, and its decision on the merits under the circumstances which attend may not be construed to operate to Alliance's advantage, or to the plaintiff's disadvantage, since it was obtained by Alliance in violation of law.

We are of the opinion the plaintiff's acceptance of the eight drafts mailed him on November 17, 1967, did not constitute an acquiescence in the compensation judgment. In the first place, the provisions of the Workmen's Compensation Act must be liberally construed in favor of the workman with the view of effecting its objective (*Ellis v. Kroger Grocery Co.*, supra), and its primary purpose is to provide compensation to workmen entitled thereto with minimum delay. (*Kuhn v. Grant Co.*, 201 Kan. 163, 171, 349 P. 2d 155.) In the second place, the plaintiff's written demand and Alliance's default twenty days thereafter matured all compensation awarded the plaintiff by the judgment of the district court and fixed the specific amount he was entitled to recover, to be determined by mere mathematical calculation, together with statutory interest from the date the award became due and payable. (*Fleming v. National Cash Register Co.*, supra, Syl. ¶ 7.) Alliance's answer admitted its statutory liability for the amount matured, which was confirmed by its counsel's stipulation in the pretrial order. The fact that the plaintiff had not obtained a ruling on his motion for summary judgment prior to the hearing of Alliance's appeal, or our decision in *Casebeer v. Casebeer*, supra, does not affect the issues in the case below, or change the amount recoverable in that action. In the third place, the plaintiff's claim for relief under 44-512a was a separate action which involved a different state of facts than those upon which the compensation judgment was predicated. Upon Alliance's failure to comply with 44-556 pending its appeal, and the plaintiff's service of written demand and the default thereafter, the compensation judgment formed the basis of the plaintiff's action and was consumed by or implanted into that cause of action, hence, there was no judgment in the compensation case in which the plaintiff could acquiesce. In the fourth place, compensation payments due the plaintiff were delinquent when he served written demand, and acceptance of any payment thereafter did not bar his 44-512a action. In *Redenbaugh v. State Department of Social Wel-*

*fare,* 187 Kan. 320, 356 P. 2d 794, it was contended that acceptance of payment after service of statutory demand constituted a good defense to an action brought pursuant to 44-512a. The contention was denied, and it was said:

".  .  . The answer depends upon what the facts show with respect to payments and when they were made, *and, if delinquent within the language of the mentioned statute, acceptance of payments would not bar the action.* (*Miller v. Massman Construction Co.,* 171 Kan. 713, 721, 237 P. 2d 373; *Owen v. Ready Made Building, Inc.,* 180 Kan. 86, Syl. 3, 303 P. 2d 168; *Owen v. Ready Made Buildings, Inc.,* 181 Kan. 659, 313 P. 2d 267, and *Bentley v. State Department of Social Welfare,* case No. 42,077, 187 Kan. 340, 356 P. 2d 791, this day decided.)" (l. c. 322.) (Emphasis supplied.)

See, also, *Hunter v. General Motors Corporation,* supra.

The case of *Neufeld v. Mid-Continent Casualty Co.,* 193 Kan. 131, 391 P. 2d 1009, is not in point. It is unnecessary to review the case in detail, and the reader is referred to the opinion. Suffice it to say, the insurance carrier complied with the provisions of 44-556 pending the employer's appeal from the Director's award to the district court, and to this court from the judgment of the district court sustaining the award. Upon trial of the plaintiff's 44-512a action, the court specifically found no compensation was due and payable by the insurance carrier when the action was filed. Moreover, the plaintiff's written demand was served during the twenty-day period the employer was authorized to perfect his appeal to the district court, and during that time no compensation was to be paid the plaintiff. (44-556.) The point is fully covered in *Hunter v. General Motors Corporation,* supra, Syl. ¶ 1.

For reasons set forth above, the judgment of the district court is reversed with directions to overrule Alliance's motion for summary judgment, to sustain the plaintiff's motion for summary judgment, and compute the amount due the plaintiff in accordance with 44-512a, together with the statutory interest, and to credit such total amount with the amount of the eight drafts mailed by Alliance to the plaintiff on November 16, 1967.

It is so ordered.

FONTRON, J., concurring: In agreeing with the majority opinion, I would like to observe that in my judgment the proviso to K. S. A. 44-556, which Justice Fatzer has quoted, is both explicit and mandatory in tone. I entertain no doubt that the legislature

intended that compensation be paid an injured workman while an appeal to this court is pending.

It is true that under *Tompkins v. Rinner Construction Co.*, 196 Kan. 244, 409 P. 2d 1001, compensation already paid cannot later be recovered, even though it be determined judicially that no compensation was due in the first place. Thus, a respondent who appeals from an adverse judgment of a district court is confronted by a dilemma. This fact, however, cannot negate the imperative command of the statute that payment of compensation shall not be stayed pending appeal to the supreme court.

The unfortunate dilemma will continue to exist so long as the *Tompkins* decision is followed, unless it sooner be ended by legislative action.

PRICE, C. J., joins in the foregoing concurring opinion.

FROMME, J., dissenting: The result reached in the majority opinion appears unjust and unreasonable. The appellee, Alliance Mutual Casualty Company, is now denied the fruits of its previous appeal (*Casebeer v. Casebeer*, 199 Kan. 806, 433 P. 2d 399) and this court now nullifies the judgment it reached therein. The claimant becomes entitled to the amount of the original district court award which we reduced by $2,633.10 in *Casebeer*. As stated by this court in *Ratzlaff v. Friedeman Service Store*, 200 Kan. 430, 436 P. 2d 389:

". . . All that the law intends is just compensation—no more, no less—and neither side should be penalized where it can be avoided. . . ." (p. 435.)

This court determined the amount of just compensation in *Casebeer* and the amount was tendered to and accepted by claimant.

The majority opinion states, "Alliance takes the position that it can with impunity refuse to pay compensation after the statutory demand matured." This statement is not supported by the record. In view of the holding in *Tompkins v. Rinner Construction Co.*, 196 Kan. 244, 409 P. 2d 1001, there can be no recovery back of payments made pending appeal if an award is eventually denied to claimant. Our holding in *Rinner* places the respondent in an unenviable position when he is convinced no award of compensation is due claimant.

The majority hold the payment of compensation pending appeal

to this court is a prerequisite of the right to appeal. I cannot agree. K. S. A. 44-556 provides in pertinent part:

". . . The compensation payable under the decision of the district court shall not be stayed pending such appeal to the supreme court."

The Workmen's Compensation Act contains no provision for supersedeas bond pending appeal to this court. The provision quoted was designed to emphasize this fact. It was not designed to provide a penalty such as dismissal of an appeal. The penalty for failing to pay compensation pending appeal is found in K. S. A. 44-512a.

If payment of compensation is made a prerequisite to the right of appeal the parties' rights of appeal are not equal. The failure to pay compensation will result in dismissal of the employer's appeal but not the claimant's.

In *Neufeld v. Mid-Continent Casualty Co.*, 193 Kan. 131, 391 P. 2d 1009, it is said:

"Where a workman brings an action for a lump sum judgment on a workmen's compensation award and after receiving an adverse judgment in that action accepts payment of all past due and current monthly awards, his acquiescence in the judgment precludes an appeal therefrom." (Syl.)

Therefore, acquiescence in a judgment can preclude further pursuit of an increased award, although the cases generally hold acceptance of compensation under a director's award will not constitute acquiescence. The acquiescence in the present case was in our judgment.

The compensation award due claimant was properly determined by this court in *Casebeer v. Casebeer*, supra. The claimant participated in those proceedings. The appellee tendered the amount due after the determination was made. The claimant had a clear choice at that time. He could refuse the decreased award and continue to pursue his lump sum action under K. S. A. 44-512a or he could accept the amount determined by this court and thereby waive his right to pursue the 512a action. He knowingly accepted the tendered amount and acquiesced in the judgment.

The majority opinion states:

". . . [T]he compensation judgment formed the basis of the plaintiff's action and was consumed by or implanted into that cause of action, hence, there was no judgment in the compensation case in which the plaintiff could acquiesce. . . ." (p. 14.)

I neither understand nor agree with that statement. The claimant acquiesced in the judgment of this court and the 512a action was properly dismissed by the district court. I would affirm the judgment.

SCHROEDER, J., joins in the foregoing dissent.